890 So.2d 1163 (2005)
Amelia O'MALLEY, Appellant,
v.
NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, Appellee.
No. 4D03-4144.
District Court of Appeal of Florida, Fourth District.
December 22, 2004.
Rehearing Denied February 2, 2005.
Eric G. Belsky of Johnson Leiter & Belsky, Ft. Lauderdale and Eric H. Luckman of Eric H. Luckman, P.A., Boynton Beach, for appellant.
Doreen E. Lasch of Conroy, Simberg, Ganon, Krevans & Abel, P.A., Hollywood, for appellee.
KLEIN, J.
The issue presented by this appeal is whether appellant insured was entitled to *1164 attorney's fees under section 627.428, Florida Statutes (2001), after the insurer voluntarily dismissed its declaratory judgment action seeking a determination as to whether there was a duty to defend or coverage. We conclude that she was.
The insured, O'Malley, was the defendant in a tort action. Nationwide defended her but reserved its right to deny coverage, filing a separate declaratory relief action as to duty to defend and coverage. While the declaratory action was pending, the injured claimant obtained a low jury verdict in the tort action which was less than an offer of judgment. Nationwide then resolved the tort claim by a stipulation for dismissal with prejudice, with the parties bearing their own costs and attorney's fees. The claimant gave up her right to appeal and collect her verdict, and Nationwide gave up its right to collect attorney's fees against claimant under the offer of judgment statute.
Nationwide then voluntarily dismissed the declaratory judgment action. In response the insured moved for attorney's fees and costs, under section 627.428, asserting that the dismissal of the declaratory action by Nationwide made the insured the prevailing party under section 627.428. The trial court denied the motion, holding that under these facts the insured had not prevailed in the declaratory judgment action.
The trial court relied on Wollard v. Lloyd's & Companies of Lloyd's, 439 So.2d 217, 218 (Fla.1983), in which the insured sued the insurer on a first party claim, and the case was settled without the entry of a final judgment. Our supreme court held, notwithstanding that section 627.428 provides for attorney's fees "upon the rendition of a judgment," that the payment of the claim was "the functional equivalent of a confession of judgment or a verdict in favor of the insured." Attorney's fees were accordingly recoverable under the statute.
In the present case the trial court reasoned that Wollard was grounded on the fact that money was paid by the insurer, and, because Nationwide paid no money to the claimant in this case, the insured did not prevail. Wollard, however, involved a different set of circumstances. It was not a declaratory action to determine whether there was a duty to defend and coverage in a separate tort case, but rather a first party claim in which the insured was seeking a money judgment from the insurer. The trial court's denial of fees in the present case, grounded on the fact that the tort claimant was paid no money, does not take into account the benefit received by the insured. If Nationwide had obtained a judgment in the declaratory action, the insured would have been responsible for furnishing her own defense and resolving the tort claim. As it turned out, however, Nationwide furnished the insured a defense and settled the claim. Nationwide, in that action, provided the insured precisely what Nationwide was contending the insured was not entitled to in the declaratory action. When Nationwide dismissed the declaratory action, it was thus the "functional equivalent of a confession of judgment or a verdict in favor of the insured" in the declaratory action. Wollard, 439 So.2d at 218.
Nationwide relies on O.A.G. Corp. v. Britamco Underwriters, 707 So.2d 785, 787 (Fla. 3d DCA 1998). In that case the insurer filed a complaint seeking a determination of no coverage for a tort claim, and amended its complaint against the insured to include fraud and rescission. The insurer then voluntarily dismissed the complaint without prejudice and, three days later, refiled the complaint and sought only declaratory relief. The insureds moved for attorney's fees under *1165 section 627.428, contending they prevailed in the first declaratory relief action, and the court concluded that they had not prevailed because they did not recover anything. It does not appear from the O.A.G. opinion that the insurer furnished a defense or settled the personal injury claim, as Nationwide did in the present case. The facts on which O.A.G. was decided were limited to the filing of the complaint and the subsequent voluntary dismissal. As the court explained:
Simply, the insureds are prematurely seeking attorney's fees prior to a determination regarding coverage in their favor and/or payment of the claim. The litigation has neither concluded nor has Britamco conceded on the merits. Should the insureds eventually prevail in court, or should Britamco at a later date decide to settle the case, then the insureds will be entitled to recover reasonable attorney's fees. See FIGA v. R.V.M.P. Corp., 681 F.Supp. 806 (S.D.Fla.1988).
O.A.G. is thus distinguishable.
We reverse the order denying attorney's fees.
FARMER, C.J., and STEVENSON, J., concur.