901 So.2d 387 (2005)
David B. UNTERLACK and Marketing Enterprises, Inc., Appellants,
v.
WESTPORT INSURANCE COMPANY, Martha Jacobson, and M.J. Seide, Appellees.
No. 4D04-1974.
District Court of Appeal of Florida, Fourth District.
May 11, 2005.
*388 Daniel Martinez of Lidsky, Vaccaro & Montes, Attorneys At Law, P.A., Hialeah, for appellants.
Jeffrey M. Landau and Jonathan M. Fordin of Shutts & Bowen LLP, Miami, for appellee Westport Insurance Company.

ON MOTION FOR CLARIFICATION AND/OR REHEARING
GROSS, J.
We grant the motion for rehearing and withdraw our previously issued per curiam affirmance.
Appellant, David B. Unterlack, was an insurance agent and broker in the business of selling various insurance products through his agency, Marketing Enterprises, Inc. Unterlack had a professional liability policy issued by appellee, Westport Insurance Corporation.
Unterlack sold health insurance policies that were issued by the Vanguard Asset Group. Vanguard was not a licensed insurer in Florida and failed to pay claims made under the policies. Two purchasers of Vanguard policies from Unterlack filed lawsuits alleging that Unterlack had breached his duty to them in obtaining these policies.
Unterlack tendered each of these lawsuits to Westport and demanded that it defend and indemnify in these proceedings. Westport agreed to defend, but reserved its right to deny coverage.
Westport filed suit against Unterlack, seeking a declaratory judgment that the claims were not covered under the terms of the liability insurance policy. Before any ruling on the merits, Westport filed a voluntary dismissal without prejudice. There was no language qualifying or limiting the dismissal. After the voluntary dismissal, Westport settled the underlying lawsuits against Unterlack.
Unterlack filed a motion for attorney's fees and costs, based on Westport's voluntary dismissal and the settlement of the individual claims. After a hearing, the trial court denied the motion for attorney's fees and costs.
Unterlack seeks recovery of attorney's fees under Section 627.428(1), Florida Statutes (2004), which provides:
Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.
*389 Actual rendition of an order or decree is not an absolute prerequisite to an insured's entitlement to attorney's fees under the statute. See Wollard v. Lloyd's & Cos. of Lloyd's, 439 So.2d 217, 218 (Fla.1983). Thus in Wollard, the supreme court held that the "settlement of a disputed case is the functional equivalent of a confession of judgment or verdict in favor of the insured, and thus, provides a basis for an award of attorney fees. . . ." United States Fid. & Guar. Co. v. Murray, 671 So.2d 812, 813 (Fla. 4th DCA 1996).
This case is controlled by O'Malley v. Nationwide Mutual Fire Insurance Co., 890 So.2d 1163 (Fla. 4th DCA 2004). There, O'Malley was the defendant in a tort action. Nationwide defended her, but reserved its right to deny coverage, filing a separate declaratory relief action concerning coverage and the duty to defend. While the declaratory action was pending, Nationwide took advantage of a favorable result under an offer of judgment to resolve the tort claim by a stipulation for dismissal with prejudice, with each party bearing its own costs and fees. Nationwide then voluntarily dismissed the declaratory judgment action without prejudice. The O'Malley insured then moved for attorney's fees under section 627.428. The trial court denied the motion. This court reversed and held that the insured was entitled to recover her attorney's fees in defending the declaratory action. Id. at 1164.
The O'Malley trial court distinguished Wollard by focusing on the fact that Nationwide had paid no money to the claimant to settle the case. This court pointed out that this approach did
not take into account the benefit received by the insured. If Nationwide had obtained a judgment in the declaratory action, the insured would have been responsible for furnishing her own defense and resolving the tort claim. As it turned out, however, Nationwide furnished the insured a defense and settled the claim. Nationwide, in that action, provided the insured precisely what Nationwide was contending the insured was not entitled to in the declaratory action. When Nationwide dismissed the declaratory action, it was thus the "functional equivalent of a confession of judgment or a verdict in favor of the insured" in the declaratory action.
Id. (quoting Wollard, 439 So.2d at 218).
The facts of this case are almost identical to those in O'Malley. The insured was a defendant in a tort action, the insured tendered the lawsuit to his insurer, the insurer filed a declaratory judgment action, the insurer voluntarily dismissed the declaratory judgment action without prejudice, the insurer settled the underlying lawsuit with the plaintiffs, the insured filed a motion for fees and costs, and the trial court denied the motion. Westport seeks to distinguish O'Malley by arguing that at the time of its voluntary dismissal, there had been no actual settlement of the underlying lawsuit. For the purpose of applying section 627.428(1), whether a voluntary dismissal is the "functional equivalent of a confession of judgment or verdict in favor of the insured" does not turn on the order of a voluntary dismissal of a declaratory action against an insured and the settlement of a claim against the insured; that the dismissal and settlement are related to each other is enough to trigger the operation of the statute.
We therefore reverse the order denying attorney's fees. Unterlack was entitled to recover attorney's fees under section 627.428(1).
WARNER and MAY, JJ., concur.