STONE, J.
We reverse an order denying statutory attorney’s fees incurred by the insured in defending a declaratory judgment action initiated by Federated National Insurance Company (Federated). Federated had claimed that there was no coverage for a pending personal injury claim under the insured’s homeowner’s policy.
We conclude that Federated’s voluntary dismissal of its declaratory action conferred a benefit on the defendant insured. Therefore, the insured is entitled to attorney’s fees as the prevailing party pursuant to section 627.428, Florida Statutes.
In the declaratory action, Federated claimed there was no coverage for the bodily injury, which the plaintiff claimed was intentional, and that it had “no obligation to defend or indemnify” the insured. The declaratory action was initiated in February 2005; in April, the insured filed a motion to dismiss. On August 31, 2005, Federated filed a notice of voluntary dismissal.
Florida Statutes section 627.428, Attorney’s fee, provides, in pertinent part:
(1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any ... insured ... under a policy ... the trial court ... shall adjudge ... a reasonable sum as fees or compensation for the insured’s or beneficiary’s attorney prosecuting the suit in which the recovery is had.
§ 627.428(1), Fla. Stat. (2005).
We have considered Danis Industries Corp. v. Ground Improvement Techniques, Inc., 645 So.2d 420 (Fla.1994), relied on by Federated, and deem it inapposite. Rather, we find persuasive two analogous decisions from our court, O’Malley v. Nationwide Mutual Fire Insurance Co., 890 So.2d 1163 (Fla. 4th DCA 2004), and Unterlack v. Westport Insurance Co., 901 So.2d 387 (Fla. 4th DCA 2005), both of which relate to prevailing party determination pursuant to section 627.428 when an action is voluntarily dismissed.
In O’Malley, after Nationwide resolved the underlying tort claim, Nationwide voluntarily dismissed the declaratory judgment action and O’Malley moved for attorney’s fees. 890 So.2d at 1164. The trial court denied the motion, holding that O’Malley had not prevailed in the declaratory action. Id. The trial court had relied on Wollard v. Lloyd’s & Companies of Lloyd’s, 439 So.2d 217 (Fla.1983), in which an insured sued the insurer and the parties settled the case without a final judgment being entered. In reversing the trial court’s denial, we distinguished Wollard as not involving a declaratory action, but a first party claim. We reasoned,
The trial court’s denial of fees in the present case, grounded on the fact that the tort claimant was paid no money, *1173 does not take into account the benefit received by the insured. If Nationwide had obtained a judgment in the declaratory action, the insured would have been responsible for furnishing her own defense and resolving the tort claim. As it turned out, however, Nationwide furnished the insured a defense and settled the claim. Nationwide, in that action, provided the insured precisely what Nationwide was contending the insured was not entitled to in the declaratory action. When Nationwide dismissed the declaratory action, it was thus the “functional equivalent of a confession of judgment or a verdict in favor of the insured” in the declaratory action. Wollard, 439 So.2d at 218.
In Unterlack, the insurer filed a declaratory judgment action against the insured, alleging that the insured’s claims were not covered under the terms of the insurance policy. 901 So.2d at 388. The insurer then filed a voluntary dismissal without prejudice and, after filing the dismissal, settled the underlying lawsuits against the insured. Id. We held that the case was controlled by O’Malley, notwithstanding that in O’Malley, the underlying suit was settled before the dismissal was taken:
For the purpose of applying section 627.428(1), whether a voluntary dismissal is the “functional equivalent of a confession of judgment or verdict in favor of the insured” does not turn on the order of a voluntary dismissal of a declaratory action against an insured and the settlement of a claim against the insured; that the dismissal and settlement are related to each other is enough to trigger the operation of the statute.
Unterlack, 901 So.2d at 389. See also Mercury Ins. Co. of Fla. v. Cooper, 919 So.2d 491 (Fla. 3d DCA 2005) (following O’Malley and Unterlack, where insurer filed a declaratory action and,- after settling underlying tort claim against insured, voluntarily dismissed declaratory action).
In Danis, our supreme court concluded that,
Under the present statute, an insured or beneficiary who prevails is entitled to attorneys’ fees. The statute offers no similar prospect to the surety, nor does the statute say that the fees will be unavailable if the surety prevails on some but not all of the issues.... Likewise, we agree with the lower courts that a “prevailing insured or beneficiary” is one who has obtained a judgment greater than any offer of settlement previously tendered by the insurer. Absent that, the insured or beneficiary is entitled to no fee award.
645 So.2d at 421 (internal citation omitted). However, in Danis, the supreme court did not consider circumstances in which the insurer initiates a declaratory action, forcing the insured to defend it, and, potentially, the underlying case, and then files a voluntary dismissal.
We have also considered O.A.G. Corp. v. Britamco Underwriters, Inc., 707 So.2d 785 (Fla. 3d DCA 1998), receded from on other grounds, Caufield v. Cantele, 837 So.2d 371 (Fla.2002), but deem it distinguishable, in that it involved a voluntary dismissal of a declaratory action, followed by the insurer immediately filing a second declaratory lawsuit which was still pending; the court did not deny fees to the insured, but found that the insured had prematurely sought the fees.
Federated urges that O’Malley and Unterlack stand for the proposition that attorney’s fees are recoverable only in cases where the insurer voluntarily dismisses the declaratory judgment in connection with a settlement of the underlying action against the insured, whereas here, the underlying claim is unresolved.
*1174 We conclude that here, as in O’Malley, when Federated voluntarily dismissed the declaratory action, the insured received the benefit of representation[1] in the underlying tort suit. If Federated had prevailed in the declaratory action, then certainly any representation provided Coppola would have terminated; obviously, representation, or continued representation, confers a benefit. The same benefit, consideration of furnishing a defense, is present here as it was in O’Malley, and as we held in that case, the voluntary dismissal should be considered the “functional equivalent of a confession of judgment or a verdict in favor of the insured.”
Therefore, the order denying fees and costs is reversed, and we remand for entry of an order in favor of the insured.
SHAHOOD and HAZOURI, JJ., concur.

. We note that Coppola claims the representation began after the dismissal, and Federated claims Coppola was represented prior to the declaratory action.