[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 7, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-11616

_____

D. C. Docket No. 04-20031-CV-AJ

CANAL INSURANCE COMPANY,
a foreign corporation,

Plaintiff-Appellee,

versus

SP TRANSPORT, INC.,

Defendant-Appellant,

POWER ACCEPTANCE CORPORATION
a Florida corporation, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(April 7, 2008)**

Before BIRCH, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

This appeal presents the question whether, under the confession of judgment rule of Florida law, an insured is entitled to attorney's fees when its insurer settles a third-party tort claim on behalf of the insured and, as a result, the district court dismisses as moot a related complaint for a declaratory judgment filed by the insurer. SP Transport, Inc., appeals the denial of its motion for attorney's fees. After an SP Transport truck was involved in an accident that killed the driver of the truck and a passenger, Canal Insurance Company sought a declaratory judgment that it was not required to defend or indemnify SP Transport in a tort action filed by the estate of the deceased passenger. Canal later settled the tort action. After the settlement, the district court dismissed the declaratory judgment action as moot, and the district court denied the motion by SP Transport for attorney's fees. Because Florida law entitles an insured to an award of fees after an insurer settles a claim against the insured and that settlement moots a related action filed by the insurer for declaratory relief, we reverse and remand.

## I. BACKGROUND

SP Transport, a trucking company, was covered by an insurance policy issued by Canal. A truck owned by SP Transport was involved in an accident that

killed Frank Fernandez, the driver of the truck, and Pedro Guelmes, a passenger in the truck. Canal filed a complaint in the district court that sought a declaratory judgment that Canal was not required to defend or indemnify SP Transport. A month later, Guelmes's estate brought a tort action against SP Transport in a Florida court.

Canal initially provided a defense for SP Transport in the tort action under a reservation of rights, but Canal later settled Guelmes's complaint on behalf of SP Transport. After the settlement, SP Transport moved to dismiss the complaint for a declaratory judgment on the ground that the settlement had rendered it moot. The district court granted the motion and dismissed the complaint without prejudice. SP Transport filed a motion for attorney's fees, but the district court denied the motion.

## II.  STANDARD OF REVIEW

"A federal district court's interpretation of state law is reviewed de novo." Trans Coastal Roofing Co. v. David Boland, Inc., 309 F.3d 758, 760 n.1 (11th Cir. 2002) (citing Salve Regina Coll. v. Russell, 499 U.S. 225, 231, 111 S. Ct. 1217, 1221 (1991); McMahan v. Toto, 256 F.3d 1120, 1130 (11th Cir. 2001)).

## III.  DISCUSSION

Our discussion is divided in two parts.  First, we address whether SP Transport timely filed its notice of appeal.  Second, we address whether, under Florida law, the settlement of the third-party claim and dismissal of the declaratory judgment action as moot constituted a confession of judgment in the declaratory judgment action and entitles SP Transport to an award of attorney's fees.

*A. The Notice of Appeal Was Timely.*

Before we proceed to the merits of the appeal, we must consider our jurisdiction and, specifically, whether SP transport filed a timely notice of appeal.  In a civil case in which the United States is not a party, a notice of appeal must be filed within 30 days of entry of the judgment or order.  Fed. R. App. P. 4(a)(1)(A).  When a party files a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), "the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion."  Fed. R. App. P. 4(a)(4)(iv).

Because SP Transport filed a timely and valid motion to alter or amend the judgment and filed a notice of appeal within 30 days of entry of the order denying the motion, the notice of appeal by SP Transport was timely.  The motion by SP Transport asked the court to reconsider its denial of the motion for attorney's fees and was a valid motion to alter or amend the judgment.  See United States v. E.

Air Lines, Inc., 792 F.2d 1560, 1562 (11th Cir. 1986). The motion also was timely filed. Rule 59(e) provides that the motion "must be filed no later than 10 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The ten-day limit for filing a Rule 59(e) motion ran from September 5, 2006, the date on which the order denying the motion for attorney's fees was entered on the docket, rather than August 28, 2006, the date on which the order was filed. Jones v. Gann, 703 F.2d 513, 514 (11th Cir. 1983). Because the period was less than 11 days, intermediate Saturdays and Sundays were excluded. Fed. R. Civ. P. 6(a). Based on these rules, the last day to file the motion was September 19, 2006. Because the motion of SP Transport was filed on September 18, 2006, it was timely. The notice of appeal too was timely filed. The notice of appeal had to be filed within 30 days of March 7, 2007, the date on which the denial of the motion was entered on the docket. Fed. R. App. P. 4(a)(1)(A), 4(a)(4)(iv). SP Transport filed its notice of appeal on April 5, 2007, before the deadline.

### B. Under Florida Law, the Settlement of a Third-Party Claim and Dismissal of a Related Declaratory Judgment Action as Moot Constitutes a Confession of Judgment.

Because the jurisdiction of the district court is based on diversity of citizenship, 28 U.S.C. § 1332, Florida law provides the substantive rule of decision. See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78, 58 S. Ct. 817, 822

5

(1938). SP Transport argues that the district court erred when it ruled that, under Florida law, the settlement by Canal of the tort action and the later dismissal of the declaratory judgment action as moot did not entitle SP Transport to an award of attorney's fees. We agree.

A Florida statute entitles an insured to an award of attorney's fees when judgment is entered against an insurer and in favor of an insured, Fla. Stat. § 627.428(1), and the Florida Supreme Court has held that this rule also applies when the insured and the insurer settle an action. Wollard v. Lloyd's & Cos. of Lloyd's, 439 So. 2d 217, 218–19 (Fla. 1983). Under Florida law, the settlement is the equivalent of a confession of judgment and entitles the insured to attorney's fees because the insurer has "declined to defend its position in the pending suit." Id. at 218. We must consider whether this confession of judgment rule applies to this controversy.

The intermediate appellate courts of Florida uniformly have extended the confession of judgment rule beyond the situation in Wollard, which involved the settlement of a first-party suit between the insured and the insurer, to the settlement of a third-party suit and the voluntary dismissal of a related complaint for declaratory relief filed by an insurer against an insured, which occurred here. In Mercury Insurance Co. of Florida v. Cooper, 919 So. 2d 491 (Fla. 3d Dist. Ct.

6

App. 2005), Unterlack v. Westport Insurance Co., 901 So. 2d 387 (Fla. 4th Dist. Ct. App. 2005), and O'Malley v. Nationwide Mutual Fire Insurance Co., 890 So. 2d 1163 (Fla. 4th Dist. Ct. App. 2004), the insurer settled on behalf of the insured a suit brought against the insured by a third party and voluntarily dismissed a complaint for a declaratory judgment filed by the insurer against the insured. Mercury Ins. Co., 919 So. 2d at 492; Unterlack, 901 So. 2d at 388; O'Malley, 890 So. 2d at 1164. The Florida courts reasoned that the settlement of the third-party claim and voluntary dismissal of the declaratory judgment action constituted a confession of judgment in the declaratory judgment action and entitled the insured to an award of attorney's fees. Mercury Ins. Co., 919 So. 2d at 492–93; Unterlack, 901 So. 2d at 389; O'Malley, 890 So. 2d at 1164–65.

The district court distinguished O'Malley, Unterlack, and Mercury Insurance Co. on the ground that Canal, unlike the insurance companies in those cases, intended to seek reimbursement from SP Transport for the settlement, but this distinction is unpersuasive. The mooted complaint for a declaratory judgment did not involve a claim of reimbursement. Canal sought two declarations: 1) that it did not have a duty to defend SP Transport in the third-party suit; and 2) that it did not have a duty to indemnify SP Transport in the third-party suit. By settling the third-party suit, Canal, like the insurers in O'Malley, Unterlack, and Mercury

7

Insurance Co., declined to defend its position that it was not required to defend or indemnify SP Transport.

The Fourth District Court of Appeal of Florida has limited the reach of the confession of judgment rule by holding that an insured is not entitled to attorney's fees when the insurer settles a third-party complaint and a related complaint for a declaratory judgment filed by the insured is dismissed as moot. Basik Exps. & Imps., Inc. v. Preferred Nat'l Ins. Co., 911 So. 2d 291, 292–94 (Fla. 4th Dist. Ct. App. 2005) (per curiam). That court distinguished its precedent in O'Malley on the ground that in Basik the insured filed the complaint for a declaratory judgment, but in O'Malley the insurer filed the complaint. Id. at 294. The purpose of the confession of judgment rule "is to discourage insurers from contesting valid claims and to reimburse successful policy holders forced to sue to enforce their policies." Id. (quoting Danis Indus. Corp. v. Ground Improvement Techniques, Inc., 645 So. 2d 420, 421 (Fla. 1994) (per curiam)) (internal quotation marks omitted). When a complaint for a declaratory judgment has been filed by the insured, an award of attorney's fees is inappropriate because the insured has not been forced to incur litigation costs to enforce its policy. Id.

The district court concluded that Basik weighs in favor of a denial of fees for SP Transport, but we disagree. Although the complaint filed by Canal was not

8

voluntarily dismissed, the <u>Basik</u> court did not rely on the involuntary nature of the dismissal of the complaint for a declaratory judgment when it held that the insured was not entitled to an award of fees. The <u>Basik</u> court based its decision on the fact, not present in this appeal, that the insured rather than the insurer had filed the complaint for a declaratory judgment. <u>Id.</u>

## IV.  CONCLUSION

We **REVERSE** the denial of the motion for attorney's fees and **REMAND** for further proceedings.