[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13900
Non-Argument Calendar
_____

D.C. Docket No. 6:10-cv-01923-GAP-DAB

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

Plaintiff – Appellant,

versus

SHELLY R. COKER,

JAMES DAVID OSBORNE,

BELINDA A. KEELS,
individually & as parent, guardian
& next friend of A.L., a minor,

A. L.,
a minor, individually,

Defendants – Appellees.
_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 29, 2013)

Before HULL, JORDAN and KRAVITCH, Circuit Judges.

PER CURIAM:

State Farm Mutual Automobile Insurance Company ("State Farm") sued Shelly Coker in federal district court seeking a declaratory judgment that it had no duty to defend and indemnify her in a state court negligence suit.   Before the district court ruled on the parties' cross-motions for summary judgment, the state court dismissed the underlying negligence suit with prejudice because it found the plaintiffs had perpetrated fraud on the court, a ruling those plaintiffs did not appeal. State Farm then filed a suggestion of mootness in the federal declaratory judgment action.  The district court found the case moot and dismissed it.

Thereafter, Coker moved for attorneys' fees pursuant to Fla. Stat. § 627.428(1).  The district court granted the request and applied a contingency fee multiplier to award Coker $72,555 in attorneys' fees.  State Farm appeals the district court's award of attorneys' fees on two alternative grounds:  (1) Coker was not entitled to fees under § 627.428(1); and (2) even assuming Coker was entitled to fees, the district court erred by applying the contingency fee multiplier.  After careful review, we vacate the district court's order of attorneys' fees.

We review a district court's interpretation of state law *de novo*.  *Trans Coastal Roofing Co. v. David Boland, Inc.*, 309 F.3d 758, 760 n.1 (11th Cir. 2002).

Section 627.428(1) of the Florida Statutes provides, in relevant part:

> Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named . . . insured . . . the trial court . . . shall adjudge or decree against the insurer and in favor of the insured . . . a reasonable sum as fees or compensation for the insured's . . . attorney prosecuting the suit in which the recovery is had.

The purpose of this statute is "to discourage the contesting of valid claims against insurance companies and to reimburse successful insureds for their attorney's fees when they are compelled to defend or sue to enforce their insurance contracts." *Ins. Co. of N. Am. v. Lexow*, 602 So. 2d 528, 531 (Fla. 1992). Hence, it permits an award of attorneys' fees not only when there is a judgment entered against the insurer but also when the insurer "decline[s] to defend its position," resulting in "the functional equivalent of a confession of judgment or a verdict in favor of the insured." *Wollard v. Lloyd's & Cos. of Lloyd's*, 439 So. 2d 217, 218 (Fla. 1983).

The district court treated State Farm's suggestion of mootness as the functional equivalent of a confession of judgment or a verdict in favor of Coker. The court reasoned that State Farm had the right to further pursue the declaratory-judgment action because, if the coverage dispute were resolved in its favor, State Farm could then recover from Coker the costs it incurred for its participation in the negligence suit. Because State Farm chose not to do so, the district court found that the suggestion of mootness was the functional equivalent of a voluntary dismissal that entitled Coker to prevailing party attorneys' fees under § 627.428(1).

In this appeal, State Farm contends it did not have the right to continue with the declaratory-judgment action after the underlying negligence suit was dismissed with prejudice. Because it had not reserved its right to recover costs from Coker, State Farm contends, it could not do so under Florida law. State Farm also argues that, because the negligence suit did not settle but rather was dismissed for fraud on the court, it did not decline to defend its position that it owed Coker no defense or indemnification.

We agree. State Farm was not entitled to pursue attorneys' fees and costs after the underlying negligence suit had terminated because it did not reserve the right to recover its costs in the negligence suit. *See Colony Ins. Co. v. G & E Tires & Serv., Inc.*, 777 So. 2d 1034, 1039 (Fla. 1st Dist. Ct. App. 2000) (holding that the insurer was entitled to recover attorneys' fees from the insured because, among other reasons, it "timely and expressly reserved the right to seek reimbursement of the costs of defending clearly uncovered claims"); *see also Wendy's of N.E. Fla., Inc. v. Vandergriff*, 865 So. 2d 520, 522 (Fla. 1st Dist. Ct. App. 2003) ("Because [the insurer] expressed no such reservation of rights to attorney's fees and costs to [the insured] when undertaking its defense, *Colony Insurance* is inapplicable . . . ."). Because State Farm had no right to seek those fees, it lacked the right to continue the declaratory judgment action. *Cf. Ethredge v. Hail*, 996

4

F.2d 1173, 1175 (11th Cir. 1993) ("A case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief.").

Nor did State Farm "decline[] to defend its position" that it had no duty to defend or indemnify Coker in the negligence suit. *See Wollard*, 439 So. 2d at 218. The negligence suit was dismissed because the plaintiff perpetrated fraud on the court. Hence, State Farm did not "provide[] the insured precisely what [State Farm] was contending the insured was not entitled to in the declaratory action" – namely a defense to or payment of the claim against her in the state court suit. *O'Malley v. Nationwide Mut. Fire Ins. Co.*, 890 So. 2d 1163, 1164 (Fla. 4th Dist. Ct. App. 2004).[1]

Because State Farm could not have further pursued the declaratory-judgment action and did not decline to defend its position, the district court erred when it determined that the suggestion of mootness was functionally equivalent to a confession of judgment or a verdict in Coker's favor. We therefore vacate the district court's award of attorney's fees under § 627.428(1) to Coker.[2]

**VACATED.**

---

[1] The district court's reliance on *O'Malley* is therefore misplaced. In that case, the court awarded attorneys' fees to the insured in a declaratory judgment action because the insurer had settled the underlying negligence suit on behalf of the insured. 890 So. 2d at 1164-65. Here, by contrast, State Farm did not settle the underlying suit and therefore did not functionally concede a duty to indemnify or defend that was inconsistent with its position in the declaratory-judgment action.

[2] Because we reach this result, we do not consider State Farm's alternative argument that the district court improperly applied a contingency fee multiplier.

5