**200 LESLIE CONDOMINIUM ASSOCIATION, INC.,**
Plaintiff,

v.

**QBE INSURANCE CORP., Defendant.**

**Case No. 10–61984–CIV.**

United States District Court,
S.D. Florida.

Aug. 28, 2013.

---

William Corretti Harris, William F. Merlin, Jr., Douglas Leon Grose, Jean Frances Niven, Merlin Law Group, P.A., Tampa, FL, Jeffrey N. Golant, Pompano Beach, FL, for Plaintiff.

Amy Millan Demartino, Wicker Smith O'Hara McCoy & Ford, P.A., West Palm Beach, FL, Rachel Wagner Furst, Maria Josefa Beguiristain, Raoul G. Cantero, III, White & Case LLP, Miami, FL, William S. Berk, Evelyn Maureen Merchant, Scott Michael Janowitz, Berk Merchant & Sims PLC, Damian Dwight Daley, William Frederick Fink, Wicker Smith O'Hara McCoy et al, William Xanttopoulos, William Xanttopoulos, Esq., Coral Gables, FL, for Defendant.

## ORDER DISMISSING COUNT I OF THE THIRD AMENDED COMPLAINT

ALICIA M. OTAZO–REYES, United States Magistrate Judge.

THIS CAUSE came before the Court upon the parties' post-trial memoranda regarding disposition of Count I of the Third Amended Complaint [D.E. 223, 233, 336]. For the reasons stated below, the Court dismisses Count I as moot and denies Plaintiff 200 Leslie Condominium Association, Inc.'s ("200 Leslie") request for an order establishing that it is the prevailing party as to Count I for purposes of an attorney's fees award.

## PROCEDURAL AND FACTUAL BACKGROUND

This action arises from damages that 200 Leslie claims to have sustained as a result of Hurricane Wilma in 2005. Defendant QBE Insurance Corporation ("QBE") was the condominium's property insurer at the time of hurricane. Based on its estimate that the damages sustained by 200 Leslie were less than the insurance policy deductible, QBE did not pay any benefits to 200 Leslie in 2005. In 2010, 200 Leslie commenced this action alleging that its hurricane damages exceed the policy deductible.

In Count I of its Third Amended Complaint, 200 Leslie seeks a declaratory judgment that the damages that Hurricane Wilma allegedly caused to the glass windows and sliding glass doors in the individual condominium units at 200 Leslie are covered under the QBE insurance policy [D.E. 70 at 4–7].[1] In support of this claim, 200 Leslie alleges that it made a number of formal and informal inquiries concerning QBE's position on coverage of the windows and sliding glass doors, but that QBE refused to respond to any of these inquiries. Id. at ¶ 28. 200 Leslie further alleges that at the Rule 30(b)(6) deposition of QBE its representative refused to take a position regarding the coverage issue. Id. at ¶¶ 29–30. 200 Leslie deems this refusal to constitute a constructive denial of coverage giving rise to a controversy meriting declaratory relief.

In connection with the parties' cross-motions for summary judgment, however, QBE made a formal admission that the glass windows and sliding glass doors in the individual condominium units are covered property under the policy [D.E. 143 at 12; D.E. 162 at 18]. Based on this

1. In Count II of its pleading, 200 Leslie seeks a declaratory judgment that the amount of its alleged hurricane damages must be resolved through the appraisal process set out in the insurance policy.

admission and pursuant to the parties' agreement at the Pretrial Conference, the Court did not address Count I in ruling on the cross-motions for summary judgment. *See* Supplemental Order Re: Pretrial Conference [D.E. 189 at 1]; Order Denying Cross–Motions for Summary Judgment as to Count II of the Third Amended Complaint (hereafter, "Summary Judgment Order") [D.E. 199 at 1 n. 1]. While the parties agreed that QBE's admission rendered any further judicial labor unnecessary as to Count I, they disagreed on whether the Court should dismiss the count as moot or render summary judgment in favor of 200 Leslie. *See* Summary Judgment Order [D.E. 199 at 2 n. 2]. As a result, the Court deferred disposition of Count I until after the trial of Count II and allowed the parties to submit additional briefing. *Id.*

### DISCUSSION

In its Third Amended Complaint, 200 Leslie invokes the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332 and relies on both the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and Florida's Declaratory Judgment Act, Fla. Stat. § 86.011 [D.E. 70 at 1–2] to assert its declaratory judgment claims in Counts I and II. 200 Leslie seeks an award of attorney's fees pursuant to Fla. Stat. § 627.428 as to both counts. Having thoroughly considered the parties' arguments in their post-trial memoranda, the Court concludes that Count I should be dismissed as moot. Further, the Court declines 200 Leslie's invitation to deem QBE's summary judgment admission a confession of judgment that renders 200 Leslie a prevailing party

for purposes of a prevailing party attorney's fees award pursuant to Fla. Stat. § 627.428.

### 1. Mootness

 "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Steffel v. Thompson,* 415 U.S. 452, 460 n. 10, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974). In declaratory judgment actions, the "actual controversy" requirement is imposed both by Article III of the Constitution and the express terms of the Federal Declaratory Judgment Act. *Id.* at 458, 94 S.Ct. 1209.[2]

 Given its obligation to ascertain the existence of an actual controversy at every stage of review, the Court need not address whether the allegations in the Third Amended Complaint were sufficient to satisfy the "actual controversy" requirement of the Federal Declaratory Judgment Act. At this point, the Court must make its determination based on the summary judgment record. And that record shows agreement by both parties that hurricane damages to the glass windows and sliding glass doors in the individual condominium units at 200 Leslie are covered under the QBE insurance policy. Hence, even if there ever was a controversy on this issue, which the Court does not decide, there isn't one now. Count I is moot. *Brown v. Tennessee Valley Auth.,* 514 Fed.Appx. 865, 868 (11th Cir.2013) ("When a case no longer presents a live controversy, the court can no longer give meaningful relief to the plaintiff, and the case is moot.").

---

**2.** The Federal Declaratory Judgment Act provides, in pertinent part:

> In a case of **actual controversy** within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seek-

ing such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201 (emphasis added).

*See also Hartford Cas. Ins. Co. v. Intrastate Const. Corp.,* 501 Fed.Appx. 929, 937 (11th Cir.2012) (The lack of a live controversy moots a declaratory judgment claim and deprives the court of subject matter jurisdiction over that claim.).

■ The same analysis applies under the Florida Declaratory Judgment Act, Fla. Stat. § 86.011.[3] "Where there is no longer a bona fide, actual, or present need for a declaration, a court lacks jurisdiction to grant relief under the Florida Declaratory Judgment Act." *Marco Island Cable, Inc. v. Comcast Cablevision of the South, Inc.,* 509 F.Supp.2d 1158, 1163 (M.D.Fla. 2007) (citing *Santa Rosa Cnty. v. Admin. Comm'n, Div. of Admin. Hearings,* 661 So.2d 1190 (Fla.1995)).

### 2. Confession of Judgment/Attorney's Fees

200 Leslie contends that, rather than rendering Count I moot, QBE's summary judgment admission should be deemed a confession of judgment, thereby entitling it to an award of attorney's fees pursuant to Fla. Stat. § 627.428.

■ Section 627.428 provides, in pertinent part:

(1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the

insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.

* * *

(3) When so awarded, compensation or fees of the attorney shall be included in the judgment or decree rendered in the case.

Fla. Stat. § 627.428. As explained by the Fifth District Court of Appeal in *State Farm Fla. Ins. Co. v. Lorenzo,* 969 So.2d 393, 397–98 (Fla. 5th DCA 2007):

The confession of judgment doctrine turns on the policy underlying section 627.428: discouraging insurers from contesting valid claims and reimbursing insureds for attorney's fees when they must sue to receive the benefits owed to them. *Pepper's Steel & Alloys, Inc. v. United States,* 850 So.2d 462, 465 (Fla. 2003). This doctrine applies where the insurer has denied benefits the insured was entitled to, forcing the insured to file suit, resulting in the insurer's change of heart and payment before judgment. *See, e.g., Ivey v. Allstate Ins. Co.,* 774 So.2d 679, 684 (Fla.2000); *Palmer v. Fortune Ins. Co.,* 776 So.2d 1019, 1021 (Fla. 5th DCA 2001); *United States Security Ins. Co. v. LaPour,* 617 So.2d 347, 348 (Fla. 3d DCA 1993).

*Lorenzo,* 969 So.2d at 397–98. Although there has been no payment by QBE in this case, 200 Leslie relies on *O'Malley v. Nationwide Mut. Fire Ins. Co.,* 890 So.2d 1163 (Fla. 4th DCA 2004), for the proposition that the confession of judgment doctrine should nevertheless apply to QBE's

---

**3.** Section 86.011 provides, in pertinent part: The circuit and county courts have jurisdiction within their respective jurisdictional amounts to declare rights, status, and other equitable or legal relations whether or not further relief is or could be claimed. No action or procedure is open to objection on the ground that a declaratory judgment is demanded. The court's declaration may be either affirmative or negative in form and effect and such declaration has the force and effect of a final judgment. Fla. Stat. § 86.011.

summary judgment admission. The facts in *O'Malley* are as follows:

> The insured, O'Malley, was the defendant in a tort action. Nationwide defended her but reserved its right to deny coverage, filing a separate declaratory relief action as to duty to defend and coverage. While the declaratory action was pending, the injured claimant obtained a low jury verdict in the tort action which was less than an offer of judgment. Nationwide then resolved the tort claim by a stipulation for dismissal with prejudice, with the parties bearing their own costs and attorney's fees. The claimant gave up her right to appeal and collect her verdict, and Nationwide gave up its right to collect attorney's fees against claimant under the offer of judgment statute.
>
> Nationwide then voluntarily dismissed the declaratory judgment action. In response the insured moved for attorney's fees and costs, under section 627.428, asserting that the dismissal of the declaratory action by Nationwide made the insured the prevailing party under section 627.428. The trial court denied the motion, holding that under these facts the insured had not prevailed in the declaratory judgment action.

*O'Malley*, 890 So.2d at 1164. The Fourth District Court of Appeal concluded that Nationwide's dismissal of the declaratory action was the "functional equivalent of a confession of judgment or a verdict in favor of the insured" in Nationwide's declaratory action. *Id.* (citing *Wollard v. Lloyd's & Cos. of Lloyd's*, 439 So.2d 217, 218 (Fla.1983)). This was because "[i]f Nationwide had obtained a judgment in the declaratory action, the insured would have been responsible for furnishing her own defense and resolving the tort claim. As it turned out, however, Nationwide furnished the insured a defense and settled the claim. Nationwide, in that action, provided the insured precisely what Nationwide was contending the insured was not entitled to in the declaratory action." *Id.*

■ 200 Leslie argues that, like the insured in *O'Malley*, it now finds itself in the same position as if it had prevailed on Count I because QBE had admitted that its policy covers hurricane damages to the windows and sliding glass doors of the individual condominium units. However, unlike Nationwide, QBE did not bring the declaratory judgment action. 200 Leslie did. More importantly, mootness was not a consideration in *O'Malley* as it is in this case. As discussed above, mootness deprives a court of subject matter jurisdiction to consider a claim under both the Federal Declaratory Judgment Act and Florida's Declaratory Judgment Act. Were the Court to deem QBE's summary judgment admission a "confession of judgment" entitling 200 Leslie to an award of attorney's fees pursuant to Fla. Stat. § 627.428, it would be adjudicating Count I notwithstanding its present lack of jurisdiction over that count. Significantly, section 627.428 requires that "compensation or fees of the attorney shall be included in the judgment or decree rendered in the case." Fla. Stat. § 627.428(3). Mootness deprives the Court of the power to enter any such judgment or decree as to Count I. The only thing the Court can do at this juncture is dismiss Count I for lack of subject matter jurisdiction under both the Federal and Florida's Declaratory Judgment Acts. *Hartford*, 501 Fed.Appx. at 937; *Marco Island Cable*, 509 F.Supp.2d at 1163.

### CONCLUSION

Based on the foregoing considerations, it is

ORDERED and ADJUDGED that Count I of the Third Amended Complaint

is DISMISSED for lack of subject matter jurisdiction as moot. It is further

ORDERED and ADJUDGED that Plaintiff 200 Leslie Condominium Association, Inc.'s request for an order establishing that it is the prevailing party as to Count I for purposes of an attorney's fees award pursuant to Fla. Stat. § 627.428 is DENIED.