PALMER, J.
Explorer Insurance Company (Explorer) timely appeals the final order entered by the trial court granting attorney’s fees and costs in favor of Renold Cajusma (Case No. 14-2608), and the final order granting attorney’s fees and costs in favor of Quilner Pade (Case No. 14-2934). The appeals arise from two separate final orders requiring Explorer, an automobile insurance company, to pay attorney’s fees and costs after Explorer voluntarily dismissed its action for declaratory relief. We affirm as to Cajusma, but reverse as to Pade.
Explorer issued an automobile insurance policy to Cajusma, and Cajusma was in an automobile accident while driving the insured vehicle. Cajusma had two passengers, Philogene and Pade. Cajusma’s vehicle collided with Luma’s vehicle, which contained Johnson as a passenger. Cajus-ma, Pade, and Philogene sought treatment at a chiropractic clinic called Lancaster.
Johnson and Luma filed a claim against Cajusma for negligence. The terms of Cajusma’s insurance policy provided liability coverage and required Explorer to defend and indemnify Cajusma in lawsuits covered by the policy. In addition to the negligence claims, Pade and Philogene filed Personal Injury Protection (PIP) claims under Cajusma’s insurance policy.
Explorer initially denied the claims filed by Johnson and Luma. Thereafter, Johnson and Luma filed separate personal injury lawsuits against Cajusma. Lancaster also filed separate lawsuits against Explorer, seeking recovery for unpaid services provided to Cajusma and Pade. While the aforementioned lawsuits remained pending, Explorer filed a declaratory judgment action against Cajusma, Pade, Lancaster, Johnson, and Luma. The complaint alleged that Explorer should be relieved from the obligation to pay benefits and from providing liability coverage because material misrepresentations had been made in connection with those claims.
During the pendency of Explorer’s declaratory judgment action, Cajusma filed a lawsuit against Explorer, alleging breach of contract for failure to pay his property damage claims and failure to provide him with a defense in the personal injury lawsuits. Cajusma and Explorer eventually entered into a settlement agreement in which Explorer paid Cajusma $10,250 in *925 satisfaction of his claims under the insurance policy and for attorney’s fees.
Cajusma and Pade filed motions for summary judgment in Explorer’s still pénding declaratory judgment action seeking attorney’s fees and costs pursuant to section 627.428 of the Florida Statutes. At the summary judgment héaring, Explorer entered' an ore tenus motion to voluntarily dismiss its action. The'trial court granted Explorer’s motion to dismiss, but expressly reserved its ruling regarding the pending claims for attorney’s fees and costs.
The trial court thereafter entered separate orders granting the attorney’s fees and costs motions. In the order granting attorney’s fees and costs to Cajusma, the trial court ruled:
The Court finds the payment of the property damage and the agreement to provide Mr. Cajusma with a defense in the liability lawsuits operated as a confession of judgment regarding insurance coverage under the policy. Additionally, the Court finds Explorer’s voluntary dismissal of its declaratory judgment action triggered Mr. Cajusma’s entitlement to attorney’s fees and costs. See Coppola v. Federated Nat. Ins. Co., 939 So.2d 1171, 1172-73 (Fla. 4th DCA 2006) (holding the liability insurer’s voluntary dismissal of a declaratory judgment action conferred a benefit on the insured by providing a defense in the tort action, was thus the functional equivalent of a confession of judgment or verdict in favor of the insured, and entitled, the insured to attorney’s, fees as the prevailing party — when the insurer dismissed the action, the insured received the benefit of representation in the underlying tort suit); Mercury Ins. Co. of Florida v. Cooper, 919 So.2d 491, 493 (Fla. 3d DCA 2005) (holding the insurer’s unilateral decision to settle an insurance claim and dismiss a ^related declaratory judgment action triggers the insured’s entitlement to attorney fees under the statute requiring court to award attorney fees upon rendition of a judgment or decree against an insurer and in favor of an insured); Unterlack v. Westport Insurance Co., 901 So.2d 387, 389 (Fla. 4th DCA 2005) (holding the liability insurer’s voluntary dismissal of a declaratory judgment action against insured before settling suits against it was the functional equivalent of a confession of judgment or verdict in favor of the insured and entitled the insured to attorney's fees under statute requiring the insurer to pay attorney’s fees upon the rendition of a judgment or decree against insurer); O’Malley v. Nationwide Insurance Co., 890 So.2d 1163, 1165 (Fla. 4th DCA 2004) (holding insured was entitled to award of attorney’s fees as prevailing party following the liability insurer’s voluntary dismissal of its declaratory judgment action that sought determination as to whether there was a duty to defend or coverage regarding the tort action and settled claim; the. insurer provided precisely what the insurer contended the insured was not entitled to in the declaratory judgment action, and the dismissal was the functional equivalent of a confession of judgment or verdict in favor of the insured).
In granting Pade’s motion for attorney’s fees and costs, the trial court ruled:
The Court, finds the payment of the property damage and the agreement to provide Mr. Cajusma with a defense in the liability .lawsuits operated as a confession of judgment regarding insurance coverage under the policy. Additionally, the Court finds Explorer’s voluntary dismissal of its declaratory judgment action triggered Mr. Pade’s entitlement to attorney’s fees and costs.
*926 Because this appeal concerns the trial court’s application of a.statutory provision, the standard of review is de novo. See Do v. GEICO Gen. Ins. Co., 137 So.3d 1039, 1042 (Fla. 3d DCA 2014) (citing Jerkins v. USF & G Specialty Ins. Co., 982 So.2d 15, 16 (Fla. 5th DCA 2008)). Section 627.428 of the Florida Statutes provides, in relevant part:
627.428 Attorneys’ Fees
(1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any • named or omnibus insured or the named beneficiary under a policy or contract • ■ executed: by the insurer, the trial court or,’in the event of" an appeal in which the insured or beneficiary prevails, the appellate court .shall adjudge -or- decree against the insurer and in-favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured’s or beneficiary’s attorney prosecuting the-suit in which the recovery is had.
§ 627.428(1), Fla. Stat. (2014). "
Our1 court has ■ provided the following guidance regarding section 627.428:
Section 627.428 provides for the award of attorney’s fees to an insured upon the rendition of a judgment against an insurer in an action between the insurer and its insured. § 627.428, Fla. Stat. “By using the legal fiction of a ‘confession of judgment,’ our supreme court extended ' the statute’s application” to cases in which the insurer settles or pays a disputed claim before rendition of judgment. Basik Exports & Imports, Inc. v. Preferred Nat'l Ins. Co., 911 So.2d 291, 293 (Fla. 4th DCA 2005) (citing Wollard v. Lloyd’s & Cos. of Lloyd’s, 439 So.2d 217 (Fla.1983)). When the insurer has ■ agreed to settle a disputed case, “it has, in effect, declined to defend its- position in the pending suit,” and its “payment of the claim is ... the functional equivalent of a confession of judgment or a verdict in favor of the insured.” Wollard, 439 So.2d at . 218. For the confession of judgment doctrine to apply, the insurer must have unreasonably withheld payment under the policy, id. at 219 n. 2, or engaged in some other wrongful behavior that forced the insured to sue, Gov’t Emps. Ins. Co. v. Battaglia, 503 So.2d 358, 360 (Fla. 5th DCA 1987); see also Jerkins v. USF & G Specialty Ins. Co., 982 So.2d 15, 17 (Fla. 6th. DCA 2008).
Tampa Chiropractic Ctr., Inc. v. State Farm Mut. Auto. Ins. Co., 141 So.3d 1256, 1258 (Fla. 5th DCA 2014)(footnote omitted); see also Shirtcliffe v. State Farm Mut. Auta, 160 So.3d 555, 556 (Fla. 5th DCA 2015); Jerkins, 982 So.2d at 17. We explained the confession of judgment doctrine as follows:
The confession of judgment doctrine turns on the, policy underlying section 627.428: discouraging insurers from .contesting valid claims and reimbursing . insureds for attorney’s fees when they must sue to receive the benefits owed to them. Pepper’s Steel & Alloys, Inc. v. United States, 850 So.2d 462, 465 (Fla.2003).
Jerkins, 982 So.2d at 17.
The instant case is factually similar to O’Malley v. Nationwide Insurance Company, 890 So.2d 1168 (Fla. 4th DCA 2004). O’Malley sought attorney’s fees following Nationwide’s voluntary dismissal of its declaratory judgment action, which -sought a determination as to whether there was duty to defend or provide coverage in a tort action involving'O’Malley. While the declaratory judgment action was pending, the injured claimant obtained a low jury verdict in the tort action which was less than the offer of judgment. Id. at 1164. Nationwide then-voluntarily dismissed the declaratory judgment action. In response, O’Malley moved for -attorney’s fees and *927 costs pursuant to section 627.428, asserting that the dismissal of the declaratory judgment action made her the prevailing party. The trial court denied the motion, holding that, under the facts in the case, O’Malley had not prevailed in the declaratory judgment action. On appeal, the Fourth District reversed:
The trial court’s denial of fees in the present case, grounded on the fact that the tort claimant was paid no money, does not take into account the benefit received by the insured. If Nationwide had obtained a judgment in the declaratory action, the insured would have been responsible for furnishing her own defense and resolving the tort claim. As it turned out, however, Nationwide furnished the insured a defense and settled the claim. Nationwide, in that action, provided the insured precisely what Nationwide was contending the insured was not entitled to in the declaratory action. When Nationwide dismissed the declaratory action, it was thus the “functional equivalent of a confession of'judgment or a verdict in favor of the insured” in the declaratory action.
Id. at 1164.
Here, like the insurer in O’Malley, Explorer filed a separate declaratory judgment action seeking a determination of whether it was required to provide Oajus-ma a defense and whether it was required to pay his claims under the insurance policy. Also, like the insurer in O’Malley, Explorer asserted that Gajusma was not entitled to a defense under1 the policy; however, it continued to provide him with a defense in the tort action while litigating the declaratory judgment action; Like the actions in O’Malley’,'the tort actions in the’ instant case were ultimately dismissed. Finally, like the insurer in O’Malley, Explorer provided Gajusma with a defense despite contending, in the declaratory judgment action, that it was not obligated to do so. Accordingly, Gajusma received a benefit and was entitled- to recover his attorney fees and. costs upon Explorer’s dismissal of its declaratory judgment suit.
In contrast, Fade did not receive a recovery or any other benefit, did not receive a defense from Explorer, and Explorer did not pay anyone oh behalf of Pade. Accordingly, Pade was not entitled to recover' statutory attorney’s fees and costs.
AFFIRMED in part; REVERSED in. part; and REMANDED.
ORFINGER and EVANDER, JJ„ - concur. • . ■