[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15625
Non-Argument Calendar
_____

D.C. Docket No. 8:15-cv-01788-EAK-MAP

W&J GROUP ENTERPRISES, INC.,
d.b.a. Seabreeze Lounge,
WESLEY ALLEN BROWN,
SHERRI MAPEL,

                                        Defendants - Appellants,

versus

HOUSTON SPECIALTY INSURANCE COMPANY,

                                        Plaintiff - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 6, 2017)

Before TJOFLAT, WILLIAM PRYOR, and EDMONDSON, Circuit Judges.

PER CURIAM:

In this state-law case, W&J Group Enterprises, Inc. and Wesley Brown ("Insureds") appeal the district court's determination that they are unentitled to attorneys' fees -- pursuant to Fla. Stat. § 627.428 -- from their insurer, Houston Specialty Insurance Company ("HSIC").  Reversible error has been shown; we vacate and remand.

HSIC filed this civil action in federal district court seeking (1) a declaratory judgment that it owed no duty to defend or to indemnify the Insureds in an underlying state-court tort action and (2) rescission of the Insureds' insurance policy.  While the declaratory-judgment action was pending, HSIC and the Insureds settled the underlying tort action for $653,000.  Of the settlement amount, HSIC paid $650,000 and the Insureds paid $3000.  As a result of the settlement, HSIC dismissed voluntarily the claims in this action.

The Insureds then moved for attorneys' fees pursuant to Fla. Stat. § 627.428.  The district court denied the motion based in pertinent part on the Insureds' contribution toward the settlement award.[*]

---

[*] The district court also concluded that the Insureds were unentitled to attorneys' fees on two separate grounds: (1) HSIC had a legitimate basis to withhold payment and, thus, denied

We review de novo the district court's interpretation of state law.  Trans Coastal Roofing Co. v. David Boland, Inc., 309 F.3d 758, 760 n.1 (11th Cir. 2002). In interpreting state law, we look first to case precedent from the state's highest court.  Winn-Dixie Stores, Inc. v. Dolgencorp, LLC, 746 F.3d 1008, 1021 (11th Cir. 2014).  Where no pertinent precedent exists, we "adhere to the decisions of the state's intermediate appellate courts absent some persuasive indication that the state's highest court would decide the issue otherwise."  Id.

Under Florida law, an insured is entitled to an award of attorneys' fees when judgment is entered against an insurer and in favor of the insured.  Fla. Stat. § 627.428(1).  The Florida Supreme Court has held that this statutory rule also applies when the insured and the insurer settle an action before judgment is entered.  Wollard v. Lloyd's & Cos. of Lloyd's, 439 So. 2d 217, 218-19 (Fla. 1983).  The Florida Supreme Court explained that "[w]hen the insurance company has agreed to settle a disputed case, it has, in effect, declined to defend its position

---

"wrongfully" no benefits under the policy and (2) because HSIC's complaint included two-counts, one of which purportedly could have been refiled, the voluntary dismissal constituted no confession of judgment.

The Insureds challenge both grounds on appeal.  Because these grounds for denial appear contrary to Florida law -- and because HSIC presents no argument on these issues -- they warrant no further discussion.  See Johnson v. Omega Ins. Co., 200 So. 3d 1207, 1216 (Fla. 2016) (explaining that "the insurer's intentions do not factor into a policyholder's recovery of fees; it is the fact that the denial of benefits was ultimately incorrect that triggers the statute."); State ex rel. March v. Doran, 958 So. 2d 1082, 1082 (Fla. Dist. Ct. App. 2007) (concluding that "[t]he refiling of the same suit after the voluntary dismissal does not alter the appellees' right to recover prevailing party attorney's fees incurred in defense of the first suit."); Blizzard v. Gov't Emps. Ins. Co., 654 So. 2d 565, 566 (Fla. Dist. Ct. App. 1995) (awarding attorneys' fees under section 627.428 to an insured that prevailed on one count of a two-count complaint).

3

in the pending suit." Id. at 218.  The payment of the insured's claim, thus, is equivalent to a "confession of judgment."  Id.  Moreover, "[r]equiring the plaintiff to continue litigation in spite of an acceptable offer of settlement merely to avoid having to offset attorney's fees against compensation for the loss puts an unnecessary burden on the judicial system, fails to protect any interest -- the insured's, the insurer's or the public's -- and discourages any attempt at settlement."  Id.

Florida's intermediate appellate courts have since extended the confession of judgment rule beyond the situation in Wollard -- which involved the settlement of a first-party suit between the insured and the insurer -- to the settlement of third-party suits and the voluntary dismissal of a related complaint for declaratory relief filed by an insurer against the insured.  See, e.g., Mercury Ins. Co. of Fla. v. Cooper, 919 So. 2d 491 (Fla. Dist. Ct. App. 2005) ("Cooper"); Unterlack v. Westport Ins. Co., 901 So. 2d 387 (Fla. Dist. Ct. App. 2005); O'Malley v. Nationwide Mut. Fire Ins. Co., 890 So. 2d 1163 (Fla. Dist. Ct. App. 2004).  The Florida courts have explained that the settlement of a third-party claim and voluntary dismissal of the related declaratory-judgment action constitute a confession of judgment sufficient to trigger an award of attorneys' fees.  See Cooper, 919 So. 2d at 492-93; Unterlack, 901 So. 2d at 389; O'Malley, 890 So. 2d at 1164 (applying the confession of judgment rule because, by providing a defense

4

and settling the underlying tort claim the insurer "provided the insured precisely what [the insurer] was contending the insured was not entitled to in the declaratory action.").

The purpose of section 627.428 "is to provide an adequate means to afford a level process and make an already financially burdened insured whole again, and to also discourage insurance companies from withholding benefits on valid claims." Johnson v. Omega Ins. Co., 200 So. 3d 1207, 1209 (Fla. 2016); see also Wollard, 439 So. 2d at 218 (section 627.428 is intended "to discourage litigation and encourage prompt disposition of valid insurance claims without litigation."). The Florida Supreme Court has also stressed that "[t]he need for fee and cost reimbursement in the realm of insurance litigation is deeply rooted in public policy." Johnson, 200 So. 3d at 1215.

HSIC attempts to distinguish the facts of this case from the facts involved in Cooper, Unterlack, and O'Malley, because -- unlike in those cases -- the Insureds contributed personally to the settlement award. HSIC relies in particular on language in Cooper that attorneys' fees under section 627.428 are triggered by the insurer's "unilateral" decision to enter a settlement and to dismiss the declaratory-judgment action. See Cooper, 919 So. 2d at 493. Because the Insureds contributed to the settlement award, HSIC contends the decision to settle was not made "unilaterally" and, thus, did not trigger section 627.428.

HSIC's stress on the single use of the word "unilateral" in Cooper is unpersuasive to us. In Cooper, the state court twice stressed that -- instead of merely settling the underlying tort claim -- the insurer "could have negotiated a global settlement, which could have included a reservation of rights concerning attorney's fees." Id. at 492, 493. When read in context, we understand the term "unilateral" in Cooper as describing a circumstance in which the insurer, on one side, settles a third-party claim without also reaching an agreement, on the other side, with its insured about the payment of attorneys' fees. Because HSIC -- like the insurer in Cooper -- settled the underlying claim absent a global settlement resolving the issue of attorneys' fees, HSIC seemingly acted "unilaterally" within the meaning of Cooper irrespective of the Insureds' contribution to the settlement amount. In any event, we do not understand Cooper as limiting, attempting to limit, or being capable of limiting the application of the state Supreme Court's confession-of-judgment rule which is triggered simply by an insurer paying in settlement, against the background of a declaratory-relief action filed by an insurer against the insured.

Contrary to HSIC's position, we conclude that the award of attorneys' fees under the facts of this case is consistent with Wollard and its progeny. By entering into the settlement agreement -- thereby agreeing to pay $650,000 -- HSIC "declined to defend its position" in the declaratory-judgment action. See Wollard,

6

439 So. 2d at 218.  HSIC, instead, provided the Insureds with "precisely what [it] was contending the insured was not entitled to in the declaratory action."  See O'Malley, 890 So. 2d at 1164.  That the Insureds also contributed $3000 toward the settlement award -- in and of itself -- does not alter materially the nature of HSIC's decision to abandon its position in the declaratory-judgment action.

Given the circumstances -- particularly where the Insureds' contribution constituted less than 2% of the total settlement amount -- we see no meaningful distinction between this case and the facts involved in Cooper, Unterlack, and O'Malley.  Moreover, requiring the Insureds to have rejected a reasonable settlement offer so that they may retain their right to attorneys' fees appears contrary to the stated purpose of section 627.428 and to the public policy concerns expressed by the Florida Supreme Court.

On this record, HSIC's settlement of the underlying tort claim and voluntary dismissal of the related declaratory-judgment action constituted a "confession of judgment."  Thus, we conclude -- as a matter of Florida law -- that the Insureds are entitled to attorneys' fees pursuant to section 627.428.

VACATED AND REMANDED.