ORDER ON MOTION OF DEPARTMENT OF VETERANS AFFAIRS TO VACATE PRIOR RULING
WALLACE, Judge.
This case is before us on a motion filed by the Department of Veterans Affairs (the Department) requesting that we vacate our prior ruling[1] on the ground of mootness. On April 30, 2004, the Department filed its motion suggesting that pri- or to our decision on the merits this case had become moot by reason of the “Settlement Agreement” (the Agreement) that the Department had concluded with the appellant, Mr. LeRoy H. Merkle, Jr., on December 4, 2002. Upon receipt of the Department’s motion and consideration of Mr. Merkle’s response, we issued an order on June 11, 2004, recalling our mandate. The subsequent history of this matter is detailed in our “Order Imposing Sanctions on LeRoy H. Merkle, Jr., a Member of The Florida Bar,” which we are issuing the same day as this order.
We have concluded that the Agreement between Mr. Merkle and the Department rendered this case moot before our decision on the merits. Thus the question presented by the Department’s motion is whether we should withdraw our prior opinion or if some other relief is more appropriate under the unusual circumstances of this case. Initially, we note that the issue of mootness does not raise a question about our jurisdiction to decide the case. The reluctance of the Florida courts to decide moot questions is based on policy reasons, not lack of jurisdiction. See Cook v. City of Jacksonville, 823 So.2d 86, 87 n. 1 (Fla.2002); Pleasures II Adult Video, Inc. v. City of Sarasota, 833 So.2d 185, 186 (Fla. 2d DCA 2002); see generally Philip J. Padovano, Florida Appellate Practice § 1.4 (2005 ed.). Thus we had jurisdiction to decide the case even though it had been settled without our knowledge prior to our decision on the merits.
A request for the withdrawal of an opinion that has already been released to the parties and to law reporting services requires consideration of what should be done once the cat is out of the bag. We believe that our approach to this problem should be governed by practical considerations. If we had been advised by the parties immediately after the issuance of our opinion that the case was already moot by reason of a settlement, we could have prevented the opinion’s appearance in permanent form in the various reporting services by withdrawing it then. See, e.g., J.C. v. Garner, 874 So.2d 694 (Fla. 4th DCA 2004); Seslow v. Seslow, 625 So.2d 1248 (Fla. 4th DCA 1993). Under those circumstances, withdrawing the opinion would have substantially limited its circulation. At this point, the cat is not only out of the bag, it has curled up and is nestled in one of the bound volumes of the Southern Reporter. Whether or not we withdraw the opinion, it will be available to the bench and bar for the foreseeable future and is likely to be cited. See, e.g., Carolyn S. Grigsby, Lofton v. Kearney: Discrimination Declared Constitutional in Flori *595 da, 21 St. Louis U. Pub.L.Rev. 199, 209 n. 74 (2002) (citing to an opinion of the First District Court of Appeal that appears in a bound volume of the Southern Reporter despite the fact that the opinion was withdrawn because the appeal had been dismissed as moot). Thus an announcement now that we are withdrawing our opinion would be futile. Taking this fact into account, together with the unusual circumstances of this case, we decline to withdraw our prior opinion.
Of course, Mr. Merkle’s settlement of the case with the Department before the issuance of our opinion precludes granting him the relief ordered by our decision. Therefore, the mandate that we will issue on the remand of this case will direct the circuit court to have such further proceedings as may be appropriate in view of the Agreement between Mr. Merkle and the Department. We will not direct the circuit court to grant relief to Mr. MerMe as ordered by our prior decision.
Upon consideration thereof, IT IS ORDERED that the Department’s motion is granted in part and denied in part as follows:
1. The Department’s motion is granted to the extent that this court will not direct the circuit court on remand of this case to grant relief to Mr. Merkle as ordered by our prior decision.
2. The Department’s motion is denied to the extent that it seeks the withdrawal of our prior opinion in this case.
NORTHCUTT and DAVIS,[2] JJ., Concur.

. Our prior ruling is reported as Merkle v. Guardianship of Jacoby, 862 So.2d 906 (Fla. 2d DCA 2003).