**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-1326**

_____

CAPITOL ENVIRONMENTAL SERVICES, INCORPORATED,

                    Plaintiff - Appellant,

          v.

NORTH RIVER INSURANCE COMPANY,

                    Defendant - Appellee.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  T. S. Ellis, III, Senior District Judge.  (1:10-cv-00792-TSE-TCB)

_____

Argued:  May 17, 2012                  Decided:  June 28, 2012

_____

Before NIEMEYER and GREGORY, Circuit Judges, and HAMILTON,[1] Senior Circuit Judge.

_____

Affirmed by unpublished opinion.  Judge Gregory wrote the opinion, in which Judge Niemeyer joined.

_____

**ARGUED:**  Stephen Anthony Horvath, BANCROFT, MCGAVIN, HORVATH & JUDKINS, PC, Fairfax, Virginia, for Appellant.  Margaret F. Catalano, CARROLL, MCNULTY & KULL, LLC, Basking Ridge, New Jersey, for Appellee.  **ON BRIEF:**  Melissa H. Katz, Wesley D. Allen, BANCROFT, MCGAVIN, HORVATH & JUDKINS, PC, Fairfax, Virginia, for Appellant.  Heather E. Simpson, CARROLL, MCNULTY &

_____

[1] Because Senior Judge Hamilton did not participate in oral argument due to illness, this decision is filed by a quorum of the panel, pursuant to 28 U.S.C. § 46(d).

KULL, LLC, Basking Ridge, New Jersey; Craig J. Franco, ODIN, FELDMAN & PITTLEMAN, PC, Fairfax, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

GREGORY, Circuit Judge:

Capitol Environmental Services, Inc. ("Capitol") argues that the district court erred in granting summary judgment in favor of The North River Insurance Company ("North River") because the settlement agreement between Capitol and Earth Tech, Inc. ("Earth Tech") included the contractual indemnity claim dismissed as moot by the Florida state courts. We disagree. We hold that because Capitol could never be held liable for any damages to Earth Tech on a theory of contractual indemnity after Earth Tech was made whole on its breach of contract claim, North River has no duty to indemnify Capitol for the damages covered by the settlement agreement.

I.

Capitol is a waste-disposal company that had been hired as a contractor by St. Marks Refinery for waste disposal. Capitol in turn hired Earth Tech as a subcontractor to provide hazardous-waste transportation and disposal services. Capitol also subcontracted with Freehold Cartage, Inc. ("FCI") to pick up and transport waste from St. Marks Refinery to the disposal facility.

On September 25, 2002, as FCI employee Peter Blash was backing a semi-tractor-trailer into the St. Marks Refinery, his tractor-trailer lay across Virginia State Road 363, and Annette

3

Carey collided into the tractor-trailer, resulting in injuries to her and her husband. The tractor-trailer was angled over the center line of the road so that its headlights pointed in Carey's lane, which caused a glare that distracted her from the trailer ahead in her lane. Earth Tech was responsible for providing flagmen to direct traffic at the site. Several witnesses testified that an Earth Tech flagman "jumped" in front of her vehicle, causing her to swerve and hit the tractor-trailer.

Carey filed suit in state court in Florida against Peter Blash, FCI, and Earth Tech for her injuries and her husband's loss of consortium. Earth Tech and FCI each paid $250,000 in 2006 to extinguish their respective liabilities in the action. Earth Tech filed a third-party complaint against Capitol, alleging, inter alia, breach of contract, contractual indemnity, and common-law indemnity.

On March 29, 2007, the Second Judicial Circuit for Wakulla County, Florida, granted Earth Tech's motion for partial summary judgment against Capitol, holding that Capitol breached the subcontract because it failed to purchase adequate insurance to cover Earth Tech's subcontract work. The court subsequently granted Capitol's motion for summary judgment on the common-law indemnity charge but denied it as to the contractual indemnity claim. The trial court sua sponte severed the contractual

4

indemnity claim, and the breach of contract claim went to a jury to determine damages. The jury awarded $585,525 to Earth Tech on February 6, 2008, for the breach of contract claim.

On July 13, 2007, Capitol filed a declaratory judgment action against North River in the United States District Court for the Eastern District of Virginia seeking defense and indemnification according to North River's policy held by Capitol. The district court found that it would be premature to award summary judgment on the indemnification claim because the record was "insufficiently developed" because Florida courts had "not yet ruled on whether Capitol breached its duty to indemnify Earth Tech." Capitol Envt'l Servs., Inc. v. North River Ins. Co., 536 F. Supp. 2d 633, 645-46 (E.D. Va. 2008). The court noted, "North River has a duty to indemnify Capitol in the Earth Tech action only if Capitol demonstrates that it was found liable to Earth Tech for bodily injury actually covered by the North River policy." Id. at 645. Accordingly, the court said, if Capitol's liability arose out of Earth Tech's negligence, that would give rise to Capitol's liability to Earth Tech only under a breach of contract theory, which in turn would not be covered by North River's policy. Id.

The parties agreed in a joint stipulation that the Florida court was the appropriate forum to resolve the remaining contractual indemnity claim between Earth Tech and Capitol, but

5

that in the event that the Florida court did not consider the indemnity claim, the parties would return to Virginia federal court to resolve the issue.

Capitol sought a trial for the severed contractual indemnity claim in the Florida court, which the trial court denied. The court dismissed the contractual indemnification claim as moot, finding that any damages that would be awarded to Earth Tech on this claim would be duplicative of the damages awarded for breach of contract.

On May 28, 2008, the Circuit Court of Wakulla County, Florida, entered final judgment on the breach of contract claim in favor of Earth Tech, and Capitol appealed to the first district court of appeal in Florida, which affirmed the judgment, but added prejudgment interest to the damages, bringing the total final judgment to $889,152.72. On November 30, 2009, the first district court of appeal affirmed the trial court's decision that the contractual indemnity claim was moot. Neither Capitol nor Earth Tech sought appeal to the Florida Supreme Court.

In August 2010, Capitol and Earth Tech entered a settlement agreement, in which Capitol agreed to pay $769,087,68 to Earth Tech according to a payment schedule in satisfaction of the judgment and "all claims and counterclaims asserted, or which could have been asserted."

On July 16, 2010, Capitol filed a second declaratory judgment action against North River in the eastern district of Virginia, which action forms the basis for the instant appeal. The district court denied Capitol's motion for summary judgment and granted North River's on March 15, 2011, holding that North River has no duty to indemnify Capitol. The court found that the dismissal of the contractual indemnity claim on mootness grounds constituted an adjudication on the merits under Florida law and that Earth Tech is precluded by res judicata from litigating the issue again. As such, Capitol never became legally obligated to pay Earth Tech under the contractual indemnity theory, and accordingly North River had no duty of indemnification. The court further determined that the settlement agreement between Capitol and Earth Tech did not encompass the contractual indemnity claim because that claim had already been extinguished according to a final decision of the Florida state courts.

Capitol filed a notice of appeal to this Court.

## II.

On appeal, Capitol argues that the settlement agreement between Capitol and Earth Tech includes the dismissed contractual indemnity claim and that North River must indemnify Capitol for this claim according to its insurance policy.

7

Reviewing de novo the district court's grant of summary judgment for North River, see Higgins v. E.I. Dupont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988), we affirm.

North River's policy covers "those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage.'" J.A. 243. The policy also includes a carve out: North River is not obligated to pay for damages assumed in a contract or agreement. But there is an exception to the exception: there is coverage for "damages . . . [t]hat the insured would have in the absence of the contract or agreement." J.A. 243. The settlement agreement between Capitol and Earth Tech is an assumption of liability by Capitol, and Capitol would have had that liability in the absence of the agreement (due to the court judgment against Capitol). The parties agree that the judgment against Capitol for breach of contract is not covered by the North River policy. The only question that remains is whether the settlement agreement between Capitol and Earth Tech included the contractual indemnity claim, which could be covered by the North River policy.

Capitol argues that because the settlement agreement covers "all claims and counterclaims asserted, or which could have been asserted" in the Earth Tech and Capitol law suit, the agreement necessarily covers the claim for contractual indemnity despite

8

the fact that the state appeals court had ordered judgment for $889,152.72 on the breach of contract claim. Capitol's argument is unconvincing.

First, the judgment for $889,152.72 made Earth Tech whole for its injury. Even if judgment were somehow awarded against Capitol under the contractual indemnity theory, Capitol would owe no amount of money under such a theory because Earth Tech has already recovered the full amount of its injury. At the time of the settlement agreement, Capitol was not legally obligated to pay Earth Tech damages under the contractual indemnity theory. Capitol is not now -- nor will it ever be -- legally obligated to pay damages to Earth Tech under the contractual indemnity theory. In any case, there has never been a judgment against Capitol under the contractual indemnity theory.

Second, the Florida state court decision that the contractual indemnity claim was moot was a final judgment on the merits, and therefore the claim could not be reasserted against Capitol. Florida Rule of Civil Procedure 1.420(b) states that any involuntary dismissal "other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party, operates as an adjudication on the merits." One Florida appellate court has observed that "[t]he reluctance of the Florida courts to decide moot questions is based on

9

policy reasons, not lack of jurisdiction." Merkle v. Jacoby, 912 So. 2d 593, 594 (Fla. Dist. Ct. App. 2d Dist. 2005) (citing Cook v. City of Jacksonville, 823 So. 2d 86 (Fla. 2002). Under Florida law, even if a case would otherwise be moot, a court may nonetheless consider the merits when one of three policy exceptions applies: "(i) when questions raised are of great public importance, (ii) when the questions raised are likely to recur, or (iii) when the collateral legal consequences that affect the rights of a party flow from the issue to be determined." J.A. 445 (district court opinion) (citing Godwin v. State, 593 So. 2d 211, 212 (Fla. 1992)). The Florida appellate court in Merkle reasoned that because the mootness rule in Florida is policy-based, dismissal on mootness grounds is not jurisdictional for purposes of Rule 1.420(b). See also Semtek Intern. Inc. v. Lockheed Martin Corp., 513 U.S. 497, 501-503 (2001) (discussing the history of the federal counterpart, Rule 41(b)); Allie v. Ionata, 503 So. 2d 1237, 1241 (Fla. 1987) (same) (holding that "[a] judgment on the merits precluding the relitigation of the same cause of action is one based on the legal rights and liabilities of the parties, as distinguished from one based on technical or dilatory objections or contentions, or on mere matters of form or of practice or procedure."). Therefore, under Florida law the mootness

10

judgment was a valid and final decision on the merits at the time of the settlement agreement between Capitol and Earth Tech.

No court has ever held that Capitol is liable to Earth Tech for damages under a theory of contractual indemnity. Because the indemnity claim against Capitol had been dismissed as moot and the settlement agreement did not resurrect it, Capitol was not legally obligated to pay Earth Tech damages for indemnity. The North River policy covers only claims which Capitol is "legally obligated to pay." Therefore, North River does not have a duty to indemnify Capitol under the insurance policy. The district court was correct to conclude that "the settlement, which purported to settle all claims between Earth Tech and Capitol, cannot be said to have encompassed the breach of contractual indemnity claim because, at the time the settlement was consummated, that covered claim was already extinguished."[2] J.A. 446-47.

---

[2] Capitol also argues that the district court erred in concluding that res judicata barred it from considering whether Capitol was liable to Earth Tech under the contractual indemnity claim. But neither res judicata nor claim preclusion can apply under Florida law when, as here, the parties to the prior and subsequent proceedings are not the same. E.C. v. Katz, 731 So.2d 1268, 1270 (Fla. 1999) (deciding that there is no doctrine of non-mutual collateral estoppel in Florida, contrary to federal law). "[U]nless both parties are bound by the prior judgment, neither may use it in a subsequent action." Stogniew v. McQueen, 656 So.2d 917, 919 (Fla. 1995); Massey v. David, 831 So. 2d 226, 233 (Fla. App. 1st Dist. 2002). Nor does Florida's privity exception apply on these facts. See Sentry Ins. v. FCCI
(Continued)

11

For the foregoing reasons, we affirm the district court's grant of summary judgment for North River.

AFFIRMED

---

Mut. Life Ins. Co., 745 So.2d 349, 350 (Fla. 4th Dist. Ct. App. (1999)) (applying res judicata where parties are not identical because the insurance company's and the insured's "interests were not antagonistic"). Therefore, the Florida state court decision that Earth Tech's contractual indemnity claim was moot does not bind Capitol in its instant litigation for indemnity by North River.

Nevertheless, this is a pyrrhic victory for Capitol because, as already stated, under no circumstances can Capitol be liable for damages to Earth Tech under the theory of contractual indemnification after Earth Tech was made whole by the award of damages on the breach of contract claim.

12