MAY, C.J.
Two insurance carriers take their corners and come out slugging over attorney’s fees. The losing carrier argues the trial court erred in denying it attorney’s fees, pursuant to section 627.428, Florida Statutes (2010). We agree and reverse.
The fee dispute arose from a homeowner’s insurance claim. In 2005, the homeowners sued the developer for dam *265 ages from water intrusion. The developer filed a third-party complaint against the subcontractor, which had installed the exterior doors. The complaint sought indemnity and contribution based on the express terms of the subcontract.
Two insurance carriers, Indiana Lum-bermens Mutual Insurance Company (“ILM”) and Pennsylvania Lumbermens Mutual Insurance Company (“PLM”), provided general liability insurance coverage for the subcontractor. ILM’s coverage terminated on April 30, 2001. PLM’s coverage commenced on June 1, 2001 and continued through at least September, 2004.
The subcontractor tendered its defense to both ILM and PLM. PLM refused to provide a defense. ILM provided a defense under a reservation of rights.
The subcontractor and homeowners mediated their dispute. ILM paid $40,000 in settlement of the claim, contingent upon the subcontractor’s assignment of rights against PLM for failing to fulfill its duty to defend and indemnify. The assignment specifically provided:
2. [The subcontractor] agrees and does hereby assign without recourse, any and all of its rights and interest in coverage for the claims made in the Lawsuit provided under the policies.issued to [the subcontractor] by PLM.
3. In exchange for [the subcontractor’s] assignment of its rights to recovery under the PLM policies for any claims made in the Lawsuit, ILM hereby releases [the subcontractor] from any claims, causes of action or damages which it now has or may have.
ILM then sued PLM for breach of contract, declaratory relief, and equitable/contractual subrogation. It argued that PLM wrongfully denied the subcontractor a defense and indemnification in the underlying litigation. ILM alleged the subcontractor had assigned its rights against PLM.
The coverage dispute centered on when the property damage occurred. Pa. Lumbermens Mut. Ins. Co. v. Ind. Lumbermens Mut. Ins. Co., 43 So.3d 182, 185 (Fla. 4th DCA 2010). Both ILM’s and PLM’s standard policies provided that coverage under each policy applied “only if ... [t]he ‘bodily injury’ or ‘property damage’ occurs during the policy period.” Id.
ILM moved for summary judgment seeking a declaration that: (1) the ILM policy did not cover the subcontractor for the damages; (2) the PLM policy provided coverage; (3) PLM breached its duty to defend the subcontractor; (4) ILM, as as-signee of the subcontractor’s claim, is entitled to reimbursement of its costs of defending; and (5) ILM is entitled to recover its attorney’s fees for prosecuting the declaratory judgment action against PLM. Id.
The trial court entered summary judgment for ILM, awarded $172,482.06 in compensatory damages, and $40,710.74 in prejudgment interest. The trial court reserved jurisdiction to award ILM attorney’s fees. PLM appealed the summary judgment. We affirmed the summary judgment except for the award of defense costs. Id. at 189.
ILM, as assignee of the subcontractor’s claim, moved for an award of its attorney’s fees incurred in the prosecution of the coverage case under section 627.428, Florida Statutes (2010). The trial court denied ILM’s request for fees. From this order, ILM has now appealed.
ILM argues the trial court erred in denying its request for attorney’s fees, pursuant to section 627.428, Florida Statutes (2010). It argues that section 627.428 permits an award of attorney’s fees to an *266 assignee of an insured’s rights under an insurance policy when the insurer denies coverage. PLM responds that ILM is not entitled to recover fees under section 627.428 because: (1) it did not obtain the type of assignment that would permit such an award; (2) fees cannot be awarded for attempting to establish the right to indemnification; and (3) it did not prevail on the “significant issues” in the litigation.
Because the issue involves a question of statutory interpretation, we have de novo review. Cont’l Cas. Co. v. Ryan Inc. E., 974 So.2d 368, 373 (Fla.2008).
Section,627.428(1), Florida Statutes provides:
Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured’s or beneficiary’s attorney prosecuting the suit in which the recovery is had.
§ 627.428(1), Fla. Stat. (2010). “A trial court should award attorney’s fees to an insured pursuant to section 627.428 when it appears as though the insurer ‘would not have paid the insured the proper amount of the loss without judicial intervention.’ ” Barreto v. United Servs. Auto. Ass’n, 82 So.3d 159, 162 (Fla. 4th DCA 2012) (quoting Jerkins v. USF & G Specialty Ins. Co., 982 So.2d 15, 18 (Fla. 5th DCA 2008)).
The fact that an insurer is the party seeking attorney’s fees under section 627.428 does not, by itself, preclude recovery. Cont’l Cas. Co., 974 So.2d at 374 n. 5. The Eleventh Circuit has also held that insurers are not precluded from recovering attorney’s fees under section 627.428 as a matter of law. United Educators Ins. v. Everest Indem. Ins. Co., 372 Fed.Appx 928, 932 (11th Cir.2010). “Despite the express limitations in section 627.428 as to the class of designated entities entitled to recover attorney’s fees, [our supreme court] has previously approved an award of attorney’s fees in situations where policy coverage was obtained through an assignment from an insured.” Cont’l Cas. Co., 974 So.2d at 375. “[A]n assignee of an insurance claim stands to all intents and purposes in the shoes of the insured and logically should be entitled to an attorney’s fee when he sues and recovers on the claim.”' All Ways Reliable Bldg. Maint., Inc. v. Moore, 261 So.2d 131, 132 (Fla.1972).
Here, the trial court erred in denying ILM attorney’s fees under section 627.428. As an assignee of the subcontractor’s claim, ILM fell within the class entitled to recover fees under the statute. To enforce its assigned rights, ILM had to file suit against PLM, and obtain a favorable judgment. This is all that section 627.428 requires.[1]

Reversed and Remanded for further proceedings consistent with this opinion.

TAYLOR and CONNER, JJ., concur.

. PLM also argues that ILM is not entitled to attorney's fees under section 627.428 because it did not prevail on the significant issues on appeal. However, the "significant issues" test does not apply to an award of attorney’s fees under section 627.428. Danis Indus. Corp. v. Ground Improvement Techniques, Inc., 645 So.2d 420, 421 (Fla.1994).