IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

TAMPA CHIROPRACTIC CENTER, INC.,

      Appellant,

v.                                    Case No.  5D13-854

STATE FARM MUTUAL AUTOMOBILE
INSURANCE CO.,

      Appellee.

_____/

Opinion filed July 11, 2014

Appeal from the Circuit Court
for Orange County,
Walter J. Komanski, Judge.

Chad A. Barr of Eiffert & Associates, P.A.,
Orlando, for Appellant.

Kenneth P. Hazouri of deBeaubien,
Knight, Simmons, Mantzaris & Neal, LLP,
Orlando, for Appellee.

COHEN, J.

Tampa Chiropractic Center, Inc. ("Tampa Chiropractic") appeals from the final summary judgment entered in favor of State Farm Mutual Automobile Insurance Company ("State Farm"). Tampa Chiropractic raises two issues on appeal, only one of which merits discussion. It argues that the trial court erred in ruling that it lost subject-matter jurisdiction over the case after State Farm paid the disputed claims. We agree and reverse as to that issue.

In 2010, nine individuals who were insured by State Farm received medical treatment at Tampa Chiropractic for injuries they sustained in automobile accidents and, in turn, assigned their policy benefits to Tampa Chiropractic. Tampa Chiropractic later submitted medical bills to State Farm for reimbursement pursuant to the insureds' policies. In response to those bills, State Farm sent document requests to Tampa Chiropractic, requesting, among other things, documents relating to the ownership and management of the clinic, tax information, and copies of the clinic's leases. State Farm claimed that its request for such documents was authorized by section 627.736(6)(b), Florida Statutes (2010).[1] The document request went on to state, in essence, that State Farm would not pay the claims until Tampa Chiropractic complied with the document requests. Another document request advised Tampa Chiropractic that "[f]ailure to comply with this request may place you in violation of [section 627.736(6)(b)] and we may choose to seek an order from the court to allow the release of such information to us, and seek

---

[1] In pertinent part, section 627.736(6)(b) provides that a physician or medical institution that treats an insured after bodily injury upon which a claim for PIP benefits is claimed

> shall, if requested by the insurer against whom the claim has been made, furnish a written report of the history, condition, treatment, dates, and costs of such treatment of the injured person and why the items identified by the insurer were reasonable in amount and medically necessary, together with a sworn statement that the treatment or services rendered were reasonable and necessary with respect to the bodily injury sustained and identifying which portion of the expenses for such treatment or services was incurred as a result of such bodily injury, and produce, and allow the inspection and copying of, his or her or its records regarding such history, condition, treatment, dates, and costs of treatment if this does not limit the introduction of evidence at trial.

§ 627.736(6)(b), Fla. Stat. (2010).

reimbursement of our cost in attorney fees as permitted by law." Soon thereafter, Tampa Chiropractic's attorneys responded to State Farm, maintaining that the requests were outside the scope of documents that were required to be furnished under section 627.736(6)(b), because they did not seek information regarding the insureds' medical treatment.

State Farm instituted a declaratory judgment action on a matter not relevant to the issue addressed in this opinion. Tampa Chiropractic later filed an amended counterclaim seeking a declaratory judgment stating that State Farm's document requests were outside the scope of section 627.736(6)(b), and that State Farm could not predicate payment of the subject claims on Tampa Chiropractic's response to such requests. In its answer to the amended counterclaim, State Farm requested a declaration that its document requests were proper under section 627.736(6)(b) and asked the trial court to order Tampa Chiropractic to produce the documents.

Tampa Chiropractic moved for summary judgment. A few months later, State Farm filed a competing summary judgment motion in which it argued that the trial court lacked subject-matter jurisdiction over the case because State Farm had paid the subject medical bills and was no longer seeking the documents that it had previously requested. In support of the motion, State Farm attached the sworn affidavit of its Claim Representative, William Talley, who stated that State Farm had paid Tampa Chiropractic for "all of the bills and charges that are the subject of, or related to, State Farm's requests for documents." Talley's affidavit did not identify the date on which the medical bills were paid by State Farm. Talley's affidavit further stated that State Farm was no longer seeking production of the documents previously requested.

3

During the hearing on the competing motions for summary judgment, State Farm reiterated that it was "not withholding payment based on the (6)(b) request anymore." Tampa Chiropractic countered that, by changing its position regarding its entitlement to the requested documents, State Farm had confessed judgment on the amended counterclaim. Following the hearing, the trial court entered a final summary judgment in favor of State Farm, ruling that the amended counterclaim no longer presented a justiciable controversy or a bona fide need for declaration, and that the court therefore lacked subject-matter jurisdiction over the case. This timely appeal ensued.

On appeal, Tampa Chiropractic argues that the trial court erred in entering the final judgment in favor of State Farm on the basis that it lacked subject-matter jurisdiction over the declaratory judgment action. Tampa Chiropractic further submits that if State Farm paid the disputed claims after it filed its counterclaim, then State Farm confessed judgment, and an award of attorney's fees to Tampa Chiropractic pursuant to section 627.428, Florida Statutes (2010), is appropriate. We agree.

Section 627.428 provides for the award of attorney's fees to an insured upon the rendition of a judgment against an insurer in an action between the insurer and its insured.[2] § 627.428, Fla. Stat. "By using the legal fiction of a 'confession of judgment,' our supreme court extended the statute's application" to cases in which the insurer settles

---

[2] Although the instant case involves a suit between the insurer and the insureds' medical provider—as opposed to the insureds themselves—this does not preclude us from applying section 627.428 and the confession of judgment doctrine because the insureds assigned their policy benefits to Tampa Chiropractic. See Ind. Lumbermens Mut. Ins. Co. v. Pa. Lumbermens Mut. Ins. Co., 125 So. 3d 263, 266 (Fla. 4th DCA 2013) ("An assignee of an insurance claim stands to all intents and purposes in the shoes of the insured and logically should be entitled to an attorney's fee when he sues and recovers on the claim.").

4

or pays a disputed claim before rendition of judgment. Basik Exports & Imports, Inc. v. Preferred Nat'l Ins. Co., 911 So. 2d 291, 293 (Fla. 4th DCA 2005) (citing Wollard v. Lloyd's & Cos. of Lloyd's, 439 So. 2d 217 (Fla. 1983)). When the insurer has agreed to settle a disputed case, "it has, in effect, declined to defend its position in the pending suit," and its "payment of the claim is . . . the functional equivalent of a confession of judgment or a verdict in favor of the insured." Wollard, 439 So. 2d at 218. For the confession of judgment doctrine to apply, the insurer must have unreasonably withheld payment under the policy, id. at 219 n.2, or engaged in some other wrongful behavior that forced the insured to sue, Gov't Emps. Ins. Co. v. Battaglia, 503 So. 2d 358, 360 (Fla. 5th DCA 1987); see also Jerkins v. USF & G Specialty Ins. Co., 982 So. 2d 15, 17 (Fla. 5th DCA 2008). This Court has described the rationale for the confession of judgment doctrine as follows:

> [T]he statutory obligation for attorney's fees cannot be avoided [by the insurer] simply by paying the policy proceeds after suit is filed but before a judgment is actually entered because to so construe [section 627.428, Florida Statutes,] would do violence to its purpose, which is to discourage litigation and encourage prompt disposition of valid insurance claims without litigation.

Gibson v. Walker, 380 So. 2d 531, 533 (Fla. 5th DCA 1980); accord First Floridian Auto & Home Ins. Co. v. Myrick, 969 So. 2d 1121, 1124 (Fla. 2d DCA 2007) (noting that confession of judgment doctrine operates "to penalize an insurance company for wrongfully causing its insured to resort to litigation in order to resolve a conflict with its insurer when it was within the company's power to resolve it"); Cincinnati Ins. Co. v. Palmer, 297 So. 2d 96, 99 (Fla. 4th DCA 1974) ("[I]t is neither reasonable nor just that an insurer can avoid liability for statutory attorney's fees by the simple expedient of paying

5

the insurance proceeds to the insured or the beneficiary at some point after suit is filed but before final judgment is entered, thereby making unnecessary the entry of a judgment.").

We conclude that the trial court erred in entering final summary judgment in favor of State Farm. Instead, the court should have applied the confession of judgment doctrine if State Farm, in fact, paid the claims after Tampa Chiropractic filed the amended counterclaim. At the outset, State Farm not only unreasonably withheld payment based on its contention that the scope of its document requests was proper under section 627.736(6)(b),[3] but it also threatened litigation in the event that Tampa Chiropractic refused to comply with its document requests. In light of State Farm's position that it would not pay the claims until Tampa Chiropractic produced the documents, Tampa Chiropractic was forced to file suit seeking a declaratory judgment. In its answer to the counterclaim, State Farm maintained its position that it could, in fact, predicate payment on Tampa Chiropractic's provision of the documents. By the time the summary judgment hearing took place, however, State Farm had paid the disputed claims and changed its position regarding its entitlement to the documents. If State Farm indeed paid the medical bills after Tampa Chiropractic filed its counterclaim, this constitutes a confession of judgment, entitling Tampa Chiropractic to attorney's fees. Cf. Bassette v. Standard Fire Ins. Co., 803 So. 2d 744 (Fla. 2d DCA 2001) (holding that attorney's fees were properly

---

[3] While section 627.736(6)(b) allows the insurer to request a "written report of the history, condition, treatment, dates, and costs of such treatment of the injured person and why the items identified by the insurer were reasonable in amount and medically necessary" and the clinic's "records regarding such history, condition, treatment, dates, and costs of treatment," it does not permit the insurer to request records regarding the ownership and management of the medical provider, or the medical provider's tax documents or leases. § 627.736(6)(b), Fla. Stat.

6

awarded where insured successfully brought declaratory judgment action seeking declaration that she was not required to execute authorizations for insurer to secure her medical records where insurer had previously advised the insured it would deny coverage if she refused to execute such authorizations); see also Jerkins, 982 So. 2d at 18 (holding that insured was entitled to attorney's fees under section 627.428 where "it appear[ed] that [the insurer] would not have paid [the insureds] the proper amount of the loss without judicial intervention").

We reject State Farm's argument that it could not confess judgment in a cause of action over which the trial court lacked subject-matter jurisdiction. This argument is at odds with the very purpose of the confession of judgment doctrine: to deter insurers from contesting valid insurance claims. Under State Farm's theory, every time an insurer paid a disputed claim while litigation was pending, the court would lose subject-matter jurisdiction over the case and the confession of judgment doctrine would therefore never apply. We disagree with that position.

Nevertheless, the record does not indicate exactly when State Farm paid the medical bills. Accordingly, we reverse the final summary judgment and remand with instructions for the lower court to determine when the payments were made. For the claims paid after Tampa Chiropractic filed its counterclaim, the lower court should enter judgment in favor of Tampa Chiropractic and award attorney's fees under section 627.428. For the claims paid before the filing of the counterclaim, Tampa Chiropractic will not be entitled to fees based upon a confession of judgment.

We affirm the other issue raised by Tampa Chiropractic without comment.

AFFIRMED IN PART; REVERSED IN PART; REMANDED FOR FURTHER PROCEEDINGS.

7

EVANDER, J., and SILVERMAN, D.E., Associate Judge, concur.