DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

PROGRESSIVE SELECT INSURANCE COMPANY,

Appellant,

v.

TYLER HILCHEY,

Appellee.

No. 2D2022-3466

_____

August 21, 2024

Appeal from the County Court for Hillsborough County; Michael C. Baggé-Hernández, Judge.

Joye B. Walford and Michael C. Clarke of Kubicki Draper, P.A., Tampa, for Appellant.

Chad A. Barr and Dalton L. Gray of Chad Barr Law, Altamonte Springs, for Appellee.

ATKINSON, Judge.

Appellant, Progressive Select Insurance Company, appeals the trial court's final order that dismissed the underlying action as moot and entitled Appellee, Tyler Hilchey, to an award of attorney's fees pursuant to section 627.428(1), Florida Statutes (2020), based upon the trial court's conclusion that Progressive confessed to judgment. In this

appeal, Progressive challenges the trial court's prior order granting Mr. Hilchey's second amended motion for summary judgment in which the trial court concluded that Progressive confessed to judgment.[1]  We reverse.

## Background

Mr. Hilchey filed a claim for insurance benefits with his insurer, Progressive, because he sustained injuries in an automobile accident. After Progressive requested an examination under oath (EUO) pursuant to the insurance policy, Mr. Hilchey filed a complaint seeking declaratory relief.  Mr. Hilchey alleged that he was in doubt about his duty to attend the EUO in person due to the COVID-19 pandemic and requested declaratory relief allowing him to attend the EUO by remote means.  In response to the complaint, Progressive asserted an affirmative defense alleging that the action was moot because Progressive was "not requesting" Mr. Hilchey to appear for an EUO, whether "by video, telephone or otherwise."

Mr. Hilchey filed a second amended motion for summary judgment in which he argued that, even though Progressive did not capitulate to his specific request for a remote EUO, Progressive had confessed to judgment by rescinding its request for an EUO altogether.  Mr. Hilchey relied upon deposition testimony from Progressive's corporate representative and an affidavit from his attorney.  That evidence revealed that Mr. Hilchey's attorney had a telephone conversation with a representative for Progressive on April 1, 2020, during which they agreed

---

[1] Appellate review of the trial court's final order encompasses review of the prior summary judgment order.  *See* Fla. R. App. P. 9.110(h) (providing that upon appeal of a final order, "the court may review any ruling or matter occurring before filing of the notice [of appeal]").

to schedule Mr. Hilchey's EUO for April 28, 2020, except that Mr. Hilchey's attorney required that the EUO occur remotely. Progressive's representative stated that Progressive would follow CDC guidelines "but was unable to guarantee that the EUO could be conducted remotely." Following their conversation, Progressive's representative sent an email to Mr. Hilchey's attorney that same day confirming that she would schedule Mr. Hilchey's EUO for April 28, 2020, at 10:00 a.m. and that a notice would be sent accordingly. Mr. Hilchey's attorney responded with a letter the same day explaining that he had agreed to the scheduled EUO only if Mr. Hilchey could appear via telephone and requesting that the notice of EUO provide a telephone number to facilitate telephonic appearance. Progressive's representative responded to Mr. Hilchey's attorney via email, still the same day, acknowledging receipt of his letter and stating that she would "forward [his] letter to the claims adjuster and respond accordingly."

The next communication occurred via the notice of EUO, which Progressive sent to Mr. Hilchey and his attorney two days later on April 3, 2020. The notice of EUO provided in relevant part as follows:

> Per our conversation, we have scheduled your EUO and you are hereby required to appear for it on the date and time listed below. . . .
>
> 4/28/2020
> 10:00 am - Remote. The directions for dial in & video login will be provided at a later date.
>
> In order to ensure our customers' safety, we are currently monitoring the status of COVID-19 and Progressive is following the recommendations from the Centers for Disease Control and Prevention (CDC) as well as the guidelines set forth by state and local officials, including practicing social distancing. If the CDC and/or state and local officials continue to recommend social distancing at the time of your scheduled EUO, we may proceed with a video or telephonic

3

> meeting in lieu of an in-person appearance. We will contact you prior to your scheduled examination under oath and an additional notice will be sent confirming your in-person, video or telephonic appearance at the examination under oath.
>
> . . . .
>
> Failing to appear for the EUO or failing to produce the documentation as required may be treated as a violation of the terms and conditions of the insurance policy and could result in a denial of the claim.
>
> If you have any questions, please call us at the number below.

Mr. Hilchey's attorney received the notice "[o]n or about April 6, 2020." The next day, on April 7, 2020, Mr. Hilchey filed his declaratory judgment lawsuit against Progressive regarding the logistics of his appearance at the EUO.

The trial court entered an order granting Mr. Hilchey's second amended motion for summary judgment. The trial court concluded that Progressive's rescission of its request for an EUO rendered the action moot and therefore the court "lack[ed] jurisdiction to render declaratory relief." The trial court further concluded that Progressive's rescission of its request for an EUO constituted a confession of judgment because it indicated that Progressive "gave up the dispute." Subsequently, the trial court entered a final order dismissing the case as moot and entitling Mr. Hilchey to an award of attorney's fees under section 627.428(1) based on Progressive's confession of judgment.

### Analysis

Progressive argues on appeal that once the case became moot, the trial court lost jurisdiction to grant Mr. Hilchey's second amended motion for summary judgment on the basis that Progressive confessed to judgment. Progressive also argues that the confession of judgment doctrine does not apply in this case, but even if it did, Progressive's

4

actions did not constitute a confession of judgment. Our review is de novo. *See Allison v. Grand at Olde Carrollwood Condo. Ass'n*, 369 So. 3d 1200, 1204 (Fla. 2d DCA 2023) ("We review the granting or denying of summary judgment de novo." (citing *Volusia County v. Aberdeen at Ormond Beach, L.P.*, 760 So. 2d 126, 130 (Fla. 2000))); *IOU Cent., Inc. v. Pezzano Contracting & Dev., LLC*, 311 So. 3d 295, 301 (Fla. 2d DCA 2020) ("The issue of whether a trial court has jurisdiction is a question of law that is also reviewed de novo.").

## I.

We reject Progressive's argument that the trial court lost jurisdiction to resolve Mr. Hilchey's second amended motion for summary judgment regarding the alleged confession of judgment because the case became moot. A case is "moot" and therefore generally subject to dismissal "when it presents no actual controversy or when the issues have ceased to exist." *Godwin v. State*, 593 So. 2d 211, 212 (Fla. 1992) (quoting *Moot case*, Black's Law Dictionary (6th ed. 1990)). "The doctrine of mootness is a corollary to the limitation on the exercise of judicial power to the decision of justiciable controversies." *Merkle v. Guardianship of Jacoby*, 912 So. 2d 595, 600 (Fla. 2d DCA 2005). The supreme court has "reiterated much the same rule" in declaratory judgment actions by requiring certain elements for the cause of action that, if met, ensure courts render declaratory relief on actual controversies and do not render advisory opinions. *Dep't of Revenue v. Kuhnlein*, 646 So. 2d 717, 721 (Fla. 1994) (citing *May v. Holley*, 59 So. 2d 636, 639 (Fla. 1952)).

While some courts equate the failure to establish the required declaratory judgment elements with mootness and further describe the effect of such mootness in terms of a loss of jurisdiction, research has

revealed no reported case that this court is obligated to follow in which a court has interpreted a loss of jurisdiction as depriving a court of the power to enter an order determining that the plaintiff is not entitled to declaratory relief—much less one that has reasoned that the court was precluded from resolving an alleged confession of judgment due to a loss of jurisdiction precipitated by mootness. We reject the reasoning of other Florida appellate districts and federal courts to the extent that they can be construed as supporting the proposition that when a declaratory judgment case is or becomes moot for lack of a justiciable controversy, the court lacks jurisdiction to enter an order determining that the plaintiff is not entitled to declaratory relief or to enter an order memorializing a confession of judgment. *Cf. Yell v. Healthmark of Walton, Inc.*, 772 So. 2d 568, 570 (Fla. 1st DCA 2000) ("Declaratory judgment is appropriate only when there is an actual controversy before the court; a court otherwise lacks jurisdiction." (citing *Martinez v. Scanlan*, 582 So. 2d 1167, 1170 (Fla. 1991))); *200 Leslie Condo. Ass'n v. QBE Ins.*, 965 F. Supp. 2d 1405, 1410 (S.D. Fla. 2013) ("[M]ootness deprives a court of subject matter jurisdiction to consider a claim under both the Federal Declaratory Judgment Act and Florida's Declaratory Judgment Act. . . . The only thing the Court can do at this juncture is dismiss Count I for lack of subject matter jurisdiction under both the Federal and Florida's Declaratory Judgment Acts."); *Miccosukee Tribe of Indians of Fla. v. United States*, 259 F. Supp. 2d 1237, 1243, 1245 (S.D. Fla. 2003) (reasoning that "the federal courts do not have jurisdiction to 'give opinions upon moot questions' " and that "[a] request for declaratory relief should be dismissed as moot if the challenged action has no continuing adverse effect on the parties" (first quoting *Church of*

6

*Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992); and then citing *Super Tire Eng'g Co. v. McCorkle*, 416 U.S. 115, 122 (1974))).

Some cases we are bound to follow describe the absence of the required declaratory judgment elements as an absence of jurisdiction. *See, e.g.*, *Santa Rosa County v. Admin. Comm'n, Div. of Admin. Hearings*, 661 So. 2d 1190, 1193 (Fla. 1995) ("Thus, absent a bona fide need for a declaration based on present, ascertainable facts, the circuit court lacks jurisdiction to render declaratory relief." (citing *Martinez*, 582 So. 2d at 1170)); *Treasure Chest Poker, LLC v. Dep't of Bus. & Pro. Regul.*, 238 So. 3d 338, 341 (Fla. 2d DCA 2017) ("Treasure Chest's complaint did not establish it was entitled to a declaratory judgment.  Accordingly, the trial court did not have jurisdiction, and it should have dismissed the action without addressing the merits.").  However, those cases do not bind us to interpret those opinions as holding that the mootness resulting from the absence of a necessary element for declaratory relief, such as a bona fide need for a declaration based on a present controversy, *see Santa Rosa County*, 661 So. 2d at 1193 (quoting *Martinez*, 582 So. 2d at 1170), renders a court immediately bereft of any jurisdiction whatsoever other than to dismiss a declaratory judgment action.  Rather, those cases can and should be interpreted as describing the failure to invoke the statutorily created jurisdiction of the court to render a declaratory judgment.  Without such statutory authority, a Florida trial court lacks jurisdiction to issue advisory opinions.  *Cf. Kuhnlein*, 646 So. 2d at 721 (providing that "parties must not be requesting an advisory opinion except in those rare instances in which advisory opinions are authorized by the Constitution" (citation omitted)).  Chapter 86 confers on Florida courts the subject matter jurisdiction to adjudicate causes of action asserting entitlement to declaratory judgments.  *See* § 86.011, Fla. Stat.

7

(2020). When a plaintiff fails to state a cause of action for entitlement to a declaratory judgment, such a failure to invoke the trial court's jurisdiction to issue a declaratory judgment does not deprive the trial court of subject matter jurisdiction to adjudicate the declaratory judgment lawsuit, including the issuance of an order determining that the plaintiff is not entitled to a declaratory judgment.

As such, just as in other types of cases in which an insurer's actions mooted a case, there is nothing peculiar about a declaratory judgment action that would deprive a trial court under those circumstances of jurisdiction to enter a judgment consistent with an insurer's confession of judgment. Indeed, the very premise of the confession of judgment doctrine is that the insurer has mooted the case by giving up the dispute. *See Alliance Spine & Joint, III, LLC v. GEICO Gen. Ins.*, 321 So. 3d 242, 244–45 (Fla. 4th DCA 2021) ("[W]hen a party confesses judgment up to the maximum amount of damages alleged in the complaint, the confessing party has, in fact, agreed to the precise relief sought in the complaint. In such a situation, the issue between the parties, as framed by the pleadings, becomes moot as the court can provide no further substantive relief other than entering the confessed judgment." (citations omitted)). And even though what was originally a justiciable controversy becomes moot upon the insurer's confession, a trial court is still required to—and therefore necessarily has jurisdiction to—enter judgment based on the insurer's confession. *See Stiwich v. Progressive Am. Ins.,* 370 So. 3d 687, 690 (Fla. 2d DCA 2023) ("And because Stiwich established that Progressive's tender of UM policy limits was a confession of judgment that could be substituted for a verdict in her favor, the trial court erred in denying her motion in which she asked the court to 'enter an order for Confession of Judgment/Final Judgment.'

8

The trial court should have entered a final judgment for Stiwich in the amount of Progressive's $10,000 payment."); *Allstate Fire & Cas. Ins. v. Castro*, 351 So. 3d 127, 131 (Fla. 1st DCA 2022) ("A judgment must be regularly entered upon a confession of judgment. The confession itself is not the judgment of the court." (quoting *Whitley v. S. Wholesale Corp.*, 164 S.E. 903, 903 (Ga. App. 1932))).[2]

In other words, there is a distinction between the proposition that mootness deprives the trial court of jurisdiction to provide declaratory relief and the proposition, as Progressive suggests, that mootness deprives the trial court of jurisdiction to enter any order whatsoever. As indicated by cases describing that in the absence of an actual controversy the trial court lacks jurisdiction to render declaratory relief, the trial court may not have jurisdiction to enter a declaratory judgment *on the merits* of the controversy when a case has become moot. *See, e.g.*, *Santa Rosa County*, 661 So. 2d at 1193 (describing that in the absence of "a bona fide need for a declaration based on present, ascertainable facts, the circuit court lacks jurisdiction *to render declaratory relief*" (emphasis added) (citing *Martinez*, 582 So. 2d at 1170)); *Treasure Chest Poker*, 238 So. 3d at 340 ("We do not reach *the merits* of this appeal because we conclude that the trial court lacked jurisdiction *to enter a declaratory judgment*." (emphasis added)). However, that does not mean that the trial court lacks jurisdiction to enter a judgment or order *denying* declaratory relief based on mootness or the failure to satisfy the statutory

---

[2] In light of these cases, one observation is worth noting. As a matter of procedure, the trial court should have entered judgment in favor of Mr. Hilchey upon its conclusion that Progressive confessed to judgment instead of dismissing the action. We need not consider any implications from this procedural error in light of our conclusion that the confession of judgment doctrine did not apply under the circumstances.

elements for declaratory relief.  Just as in a typical case in which dismissal is appropriate due to mootness, the trial court retains jurisdiction to enter an order memorializing a plaintiff's lack of entitlement to declaratory relief and to adjudicate issues that might survive mootness such as fee entitlement.  An order entering judgment consistent with a confession of judgment is *not* a declaratory judgment; rather, it is a judgment essentially memorializing a postsuit settlement (the "confession") that is the functional equivalent of a verdict in the insured's favor, *see Wollard v. Lloyd's & Cos. of Lloyd's*, 439 So. 2d 217, 218 (Fla. 1983), not unlike those entered in other types of cases such as breach of contract cases, *see, e.g.*, *Alliance Spine & Joint*, 321 So. 3d at 243–44 (affirming the trial court's "final judgment pursuant to Geico's confession" in "an action for damages" for unpaid PIP benefits).  Because an order entering judgment consistent with a confession of judgment is not a declaratory judgment, case law describing mootness in declaratory judgment cases in terms of jurisdiction does not foreclose the entry of a confession of judgment because the jurisdiction of which mootness deprives a trial court under that case law is the jurisdiction *to enter a declaratory judgment* under Chapter 86.

Whether mootness, generally, is a matter of jurisdiction is a question on which case law is unsettled.  *See, e.g.*, *Bell v. Battaglia*, 332 So. 3d 1094, 1104 (Fla. 2d DCA 2022) (Lucas, J., concurring) (reasoning that mootness "is based on policy reasons, not lack of jurisdiction" but noting the "analytical conundrum . . . that when [courts] decide a case is moot, [they] are refusing to exercise jurisdiction for a patently nonjurisdictional reason" (first quotation quoting *Merkle v. Guardianship of Jacoby*, 912 So. 2d 593, 594 (Fla. 2d DCA 2005))).  However, this court

10

need not attempt to disentangle those authorities to reach the above-described conclusion.

## II.

Though the trial court was correct to determine it had jurisdiction to address the confession of judgment issue, the trial court's determination that Progressive confessed to judgment under the circumstances was error. Despite Progressive's argument to the contrary, the confession of judgment doctrine is not confined to circumstances in which the confession consists of an insurer's postsuit decision to provide benefits under an insurance policy, such as a determination to cover or to pay a claim, after wrongfully withholding those benefits. *See, e.g., Wollard*, 439 So. 2d at 218 ("Thus, the [postsuit] payment of the claim is, indeed, the functional equivalent of a confession of judgment or a verdict in favor of the insured."). Rather, if the controversy concerning the insurer's alleged wrongful behavior forced an insured to sue over some aspect of the insurance policy upon which payment of the claim may ultimately be contingent—even if the insurer has not denied coverage—the insured may still be entitled to fees under the confession of judgment doctrine. *See Tampa Chiropractic Ctr., Inc. v. State Farm Mut. Auto. Ins.,* 141 So. 3d 1256, 1259 (Fla. 5th DCA 2014) (reasoning that the trial court should have applied the confession of judgment doctrine when State Farm refused to pay claims until Tampa Chiropractic produced certain documents, which forced Tampa Chiropractic to sue concerning the scope of the document request, following which State Farm rescinded its request for the documents and paid the claims); *cf. Bassette v. Standard Fire Ins.*, 803 So. 2d 744, 746–47 (Fla. 2d DCA 2001) (holding that attorney's fees were properly awarded when the insured succeeded in a declaratory judgment action

11

establishing that she was not required to execute medical records authorizations after the insurer had previously advised that it could deny coverage if she refused to do so). In this case, even though Mr. Hilchey's lawsuit was not directly seeking the payment of benefits or a coverage determination and the act constituting Progressive's "confession" did not include the payment of the claim or a determination of coverage, under *Bassette* the controversy embodied in the suit was something upon which coverage of the claim was ultimately contingent—that is, attendance at the EUO. *See Bassette*, 803 So. 2d at 746–47 (concluding "that the declaratory action involved a dispute as to whether Ms. Bassette would be covered by the policy" even though the insurer "did not actually deny coverage under the policies" because it had "informed Ms. Bassette that coverage could be denied if she refused to execute the required authorizations," and when the "dispute . . . was finally resolved in Ms. Bassette's favor . . . [she] no longer suffered the looming threat that her failure to comply with Standard Fire's requests could place her coverage in jeopardy").[3]

Here, however, the confession of judgment doctrine did not apply under the circumstances. The most that can be said about the record

---

[3] We need not reach the issue of whether the confession of judgment doctrine should apply even if the provision of insurance benefits is not contingent on the controversy embodied in the suit. *Cf. State Farm Fla. Ins. v. Lorenzo*, 969 So. 2d 393, 397 (Fla. 5th DCA 2007) ("This [confession of judgment] doctrine applies where the insurer has denied *benefits* the insured was entitled to, forcing the insured to file suit, resulting in the insurer's change of heart and payment before judgment." (emphasis added)). Research has revealed no reported cases in which a court applied the confession of judgment doctrine under such circumstances, but resolution of the controversy before us does not necessitate whether a conclusion could be drawn from such absence of authority or compelled by the arguments advanced by Progressive in this case.

evidence is that Progressive's representative was noncommittal during the phone call with Mr. Hilchey's attorney about whether the EUO would be conducted in person or remotely and that Progressive arguably sent an ambiguous letter including conflicting language about whether the EUO would be conducted in person or remotely. Indeed, it is permissible to draw the reasonable inference that Progressive had acceded to Mr. Hilchey's request for a remote EUO when Progressive announced in the April 3 notice of EUO that he was "required to *appear* for [the EUO] *on the date and time listed* below[:] . . . 4/28/2020 10:00 am - *Remote*. The directions for dial in & video login will be provided at a later date." (Emphasis added.) But even presuming for the sake of analysis that Mr. Hilchey was at all relevant times in doubt about the nature of the EUO that would be required, such confusion under the circumstances cannot support the conclusion that a lawsuit was required in order to compel Progressive to grant the remote EUO he was demanding. Progressive's representative explained in her April 1 email that she would forward Mr. Hilchey's attorney's letter requesting a remote EUO to the claims adjuster and "respond accordingly," and the EUO notice—sent more than three weeks prior to the day of the scheduled EUO—similarly explained that Progressive would follow up with "an additional notice . . . confirming . . . in-person, video or telephonic appearance at the exanimation under oath." Mr. Hilchey, however, sued Progressive just one day after receiving the EUO notice, which was before Progressive could provide any additional notice with confirmation of its decision regarding the means of attendance.

The record does not support a conclusion that Progressive's actions forced Mr. Hilchey to sue regarding the logistics of his attendance at the EUO. At worst, Progressive had not yet decided one way or another

13

whether it would require Mr. Hilchey to attend the EUO in person or allow attendance by remote means. Because Progressive's actions did not force Mr. Hilchey to sue on the matter, the confession of judgment doctrine did not apply. *See Citizens Prop. Ins. v. Vazquez*, 368 So. 3d 456, 459 (Fla. 4th DCA 2023) ("[T]he key factor in applying the confession of judgment doctrine is whether the lawsuit was a necessary catalyst to resolving the dispute[.]"); *Tampa Chiropractic Ctr.*, 141 So. 3d at 1258 ("For the confession of judgment doctrine to apply, the insurer must have unreasonably withheld payment under the policy or engaged in some other wrongful behavior that forced the insured to sue." (citations omitted)); *Basik Exps. & Imps., Inc. v. Preferred Nat'l Ins.*, 911 So. 2d 291, 294 (Fla. 4th DCA 2005) (concluding that no confession of judgment occurred where "the insured was not 'forced to sue' the insurer"). To conclude otherwise would reward Mr. Hilchey's "race to the courthouse" by prematurely filing a declaratory judgment lawsuit. *See Lorenzo*, 969 So. 2d at 398 ("[C]ourts generally do not apply the [confession of judgment] doctrine where the insureds were not forced to sue to receive benefits [because doing so] would encourage unnecessary litigation by rewarding a race to the courthouse for attorney's fees even where the insurer was complying with its obligations under the policy." (citing *Basik Exps. & Imps.*, 911 So. 2d at 293)).

Because we conclude that the record does not support a conclusion that the lawsuit was necessitated by Progressive's refusal to allow a remote EUO, this court need not reach the question of whether such alleged refusal would have been "wrongful" such that the confession manifested a recovery by the insured of relief to which the insured was entitled under the insurance contract. *See Tampa Chiropractic Ctr.*, 141 So. 3d at 1258; *see also People's Tr. Ins. v. Farinato*, 315 So. 3d 724, 728

14

(Fla. 4th DCA 2021) ("[W]hen an insured moves for attorney's fees, the underlying issue is whether the suit was filed for a legitimate purpose, and whether the filing acted as a necessary catalyst to resolve the dispute and force the insurer to satisfy *its obligations* under the insurance contract." (alteration in original) (emphasis added) (quoting *State Farm Fla. Ins. v. Lime Bay Condo., Inc.*, 187 So. 3d 932, 935 (Fla. 4th DCA 2016))); § 627.428(1) (entitling a prevailing insured to fees "[u]pon the rendition of a judgment or decree" in a "suit in which the *recovery is had*" (emphasis added)).

Accordingly, we reverse the trial court's order granting Mr. Hilchey's second amended motion for summary judgment and remand for further proceedings consistent with our conclusion that Progressive did not confess to judgment.

Reversed and remanded.

LUCAS and SMITH, JJ., Concur.

_____

Opinion subject to revision prior to official publication.